[Cite as *Settlers Bank v. Burton*, 2012-Ohio-2418.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | | |
|---|---|---|---|
| SETTLERS BANK, | : | Case Nos. | 11CA10 |
| | : | | 11CA12 |
| Plaintiff-Appellee, | : | | 11CA14 |
| | : | | |
| v. | : | DECISION AND | |
| | : | JUDGMENT ENTRY | |
| WILLIAM BURTON, et al., | : | | |
| | : | **RELEASED 05/24/12** | |
| | | | |
| Defendants-Appellants. | : | | |

_____

APPEARANCES:

Laura A. Hauser and Diane Goderre, THOMPSON HINE LLP, Columbus, Ohio, for appellant JPMorgan Chase Bank, National Association.

William L. Burton, Marietta, Ohio, pro se appellant.

James W. Peters, PETERS LAW OFFICE CO., L.P.A., Woodsfield, Ohio, for appellant Jennifer S. Burton.

Gerald J. Tiberio, Jr. and Scott D. Eickelberger, KINCAID, TAYLOR & GEYER, Zanesville, Ohio, for appellee Settlers Bank.

_____

Harsha, J.

{¶1} Settlers Bank filed a complaint against property owned by William and Jennifer Burton to collect a judgment it obtained against Mr. Burton. In appeals that we consolidated sua sponte, Mr. Burton, Mrs. Burton, and JPMorgan Chase Bank, National Association ("JPMorgan") challenge various rulings the trial court made in favor of Settlers Bank. However, because none of the orders appealed from constitute a final, appealable order, we lack jurisdiction to consider the merits of the appeals and dismiss them.

I. Facts

{¶2} In May 2010, Settlers filed a complaint against the Burtons, JPMorgan, the

Ohio Department of Job and Family Services ("ODJFS"), and the Washington County Treasurer.  Settlers alleged that in 2009 it obtained a judgment against Mr. Burton, it filed a certificate of judgment against him, and by virtue of that certificate it had a valid lien on real property owned by the Burtons.  Settlers alleged that Mrs. Burton, JPMorgan, ODJFS, and the Washington County Treasurer all "may have or claim to have an interest in the premises" for various reasons.  Settlers sought a declaration that it had a valid lien on the real property, marshalling of any other liens on the property, and foreclosure of the property to satisfy the judgment against Mr. Burton.

{¶3}    The Burtons and the treasurer filed answers; JPMorgan and ODJFS did not.  Settlers filed a motion for default judgment against JPMorgan, which the trial court granted by an entry dated August 2, 2010.  The court "ORDERED, ADJUDGED AND DECREED that the mortgage of JP Morgan * * * is no longer valid and is hereby removed from the real estate which is the subject of this litigation * * *, and shall not be considered a valid lien upon the premises * * *."  In its entry, the trial court did not expressly state that there was "no just reason for delay" of an appeal.

{¶4}    Next, Settlers filed a motion for summary judgment against the Burtons, which it later amended and filed solely against Mr. Burton.  Then, Mrs. Burton filed a motion for summary judgment in which she sought "an order of summary and declaratory judgment" as to certain "issues of fact":  1.) "they" (presumably Mr. and Mrs. Burton) were the owners of the real property at issue; 2.) JPMorgan's mortgage constituted the "first and best lien" against the property, "subordinate only to accrued real estate taxes"; 3.) Settlers' judgment lien was a lien against Mr. Burton only and did not attach to any interest in the real estate held by Mrs. Burton; 4.) Mrs. Burton was entitled to her share of the proceeds from the sale of the premises prior to any payment to Settlers on its

judgment lien.  In its memorandum contra, Settlers agreed with Mrs. Burton's first, third, and fourth requests but asked the court to deny her second request related to JPMorgan. Settlers also filed a "Memorandum in Support of [JPMorgan's] Loss of Priority of Lien." JPMorgan filed a motion for leave to file a response to this memorandum.  Before the court ruled on this motion, JPMorgan filed its memorandum in opposition.  The same day, JPMorgan also filed a motion for relief from default judgment under Civ.R. 60(B).

{¶5}    On February 2, 2011, the trial court issued an entry titled "DECISION (On All Pending Motions)."  The court granted Settlers' motion for summary judgment against Mr. Burton.  The trial court denied Mrs. Burton's motion for summary judgment.  The court did not address the uncontested matters raised in Mrs. Burton's motion.  Instead, the court focused on her request that JPMorgan's mortgage be considered the "first and best lien" against the property.  In addition, the court denied JPMorgan's motion for leave to file a memorandum in opposition to Settlers' memorandum on JPMorgan's loss of its lien.  On April 14, 2011, the court issued an entry denying JPMorgan's motion for relief from default judgment.

{¶6}    Then on May 4, 2011, the trial court issued two additional judgment entries. In the first entry, the court declared that its February 2 entry was "hereby entered as a Final Appealable Judgment."  In the second entry, the court declared that its April 14 entry was "hereby entered as a Final Appealable Judgment."  Subsequently, all of the appellants filed notices of appeal from both of the May 4 entries.  Settlers filed a motion for default judgment against ODJFS the same day Mr. Burton filed his notice of appeal. However, the trial court held that it lacked jurisdiction to decide the motion due to the pending appeals.

## II.  Assignments of Error

**{¶7}** Mr. Burton assigns two errors for our review:

I.      THE TRIAL COURT ERRED IN REMOVING THE PRIORITY OF THE MORTGAGE OF DEFENDANT/APPELLANT, JPMORGAN CHASE.

II.     THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT CHASE'S MOTION FOR RELIEF UNDER CIVIL RULE 60(B).

**{¶8}** Mrs. Burton assigns two errors for our review:

I.      THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO GRANT DEFENDANT-APPELLANT JENNIFER S. BURTON'S MOTION FOR SUMMARY JUDGMENT FILED ON DECEMBER 8, 2010.

II.     THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN HOLDING THAT J.P. MORGAN CHASE BANK LOST THE PROPERTY OF ITS MORTGAGE LIEN WHEN DEFAULT JUDGMENT WAS ENTERED AGAINST IT IN FAVOR OF THE PLAINTIFF-APPELLEE SETTLERS BANK ON AUGUST 2, 2010.

**{¶9}** JPMorgan assigns three errors for our review:

I.      The Court of Common Pleas erred in entering summary judgment against Defendant-Appellant JPMorgan Chase Bank, National Association because the relief the Court of Common Pleas awarded to Plaintiff-Appellee Settlers Bank extinguished JPMorgan Chase Bank, National Association's mortgage lien and is contrary to Ohio law.  * * *

II.     The Court of Common Pleas erred in denying the motion of Defendant-Appellant JPMorgan Chase Bank, National Association for relief from judgment pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure because that motion was made within a reasonable time and less than one year after the entry of default judgment, Defendant-Appellant JPMorgan Chase Bank, National Association has a meritorious defense to Plaintiff-Appellee Settlers Bank's claims, and Defendant-Appellant JPMorgan Chase Bank, National Association's failure to respond was the result of excusable neglect as contemplated by Civ.R. 60(B)(1).  * * *

III.    The Court of Common Pleas erred in denying the motion of Defendant-Appellant JPMorgan Chase Bank, National Association for relief from judgment pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure because that motion was made within a reasonable

time and less than one year after the entry of default judgment, Defendant-Appellant JPMorgan Chase Bank, National Association has a meritorious defense to Plaintiff-Appellee Settler Bank's claims, and relief from the default judgment is proper under Ohio Civil Rule 60(B)(5) because the judgment was erroneous.  * * *

### III.  No Final, Appealable Order Exists

{¶10}  Before we address the merits of the appeals, we must decide whether we have jurisdiction to do so.  Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]"  Ohio Constitution, Article IV, Section 3(B)(2); *see* R.C. 2505.03(A).  If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal.  *Eddie v. Saunders*, 4th Dist. No. 07CA7, 2008-Ohio-4755, ¶ 11.  In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte.  *Sexton v. Conley*, 4th Dist. No. 99CA2655, 2000 WL 1137463, *2 (Aug. 7, 2000).

{¶11}  JPMorgan and Settlers raised jurisdictional issues in their appellate briefs. Upon reviewing the record, we questioned our jurisdiction to consider the merits of all of the appeals and ordered the parties to file memoranda on the issue.  For the reasons below, we conclude that the orders appealed from are not final and appealable.

{¶12}  An order must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable, to constitute a final, appealable order.  *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).  Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"  To determine the action and prevent a judgment for the party appealing, the order "must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court."

*Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

{¶13}  Additionally, if the case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order.  Under Civ.R. 54(B), "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."  Absent the mandatory language that "there is no just reason for delay," an order that does not dispose of all claims is subject to modification and is not final and appealable.  *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); *see* Civ.R. 54(B).  The purpose of Civ.R. 54(B) is "'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals[,]' * * * as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal * * *."  *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977).

{¶14}  Here, the case obviously involves multiple parties because Settlers named five defendants in its complaint.  The trial court appeared to resolve the claims against JPMorgan in its August 2, 2010 entry granting Settlers a default judgment against JPMorgan.  Although none of the parties appealed from this entry, we must address its appealability because it impacts our analysis on the entries from which the parties did appeal.  When the court granted Settlers' motion for default judgment, the claims against the other four defendants remained pending, and the court did not expressly state the mandatory Civ.R. 54(B) language that there was no just reason for delay in its entry.

Thus, the August 2 entry does not constitute a final, appealable order.

**{¶15}** The first entry the parties appeal from is the May 4 entry declaring the February 2 entry a "Final Appealable Judgment." In this entry, the court again addressed the claims against JPMorgan because both JPMorgan and Mrs. Burton sought to reestablish the company's lien. The court rejected their arguments. So again, it appeared the court had resolved all the claims against JPMorgan. The trial court also resolved the claims against Mr. Burton by granting Settlers' motion for summary judgment. However, Settlers' claims against the treasurer, ODJFS, and Mrs. Burton remain pending. Because the court did not expressly state that there was "no just reason for delay" in its entry, it does not constitute a final, appealable order. The portion of the court's order denying Mrs. Burton a summary judgment is not final for the additional reason that "the denial of a motion for summary judgment does not determine the action and prevent a judgment, and thus generally does not constitute a final order under R.C. 2505.02." *Celebrezze v. Netzley*, 51 Ohio St.3d 89, 90, 554 N.E.2d 1292 (1990) (per curiam). Mrs. Burton does not claim that any exception to this general rule applies.

**{¶16}** The second entry the parties appeal from is the May 4 entry declaring the April 14 entry a "Final Appealable Judgment." In this entry, the court denied JPMorgan's motion for relief from default judgment under Civ.R. 60(B) on the merits. Generally, an entry denying a motion for relief from judgment filed under Civ.R. 60(B) is itself a final, appealable order. *Colley v. Bazell*, 64 Ohio St.2d 243, 245, 416 N.E.2d 605 (1980). However, JPMorgan could not file a Civ.R. 60(B) motion in this case. Under Civ.R. 60(B), a court may only relieve a party from a "final judgment, order or proceeding." We have already determined that the court's order granting Settlers a default judgment against JPMorgan was not a final order, nor was the court's May 4 entry declaring the

February 2 entry a "Final Appealable Judgment." In other words, the court never entered

a final judgment against JPMorgan from which it could seek relief under Civ.R. 60(B).

JPMorgan could not convert the court's prior entries into final orders simply by

characterizing his motion as one filed under Civ.R. 60(B). Therefore, the court's order

denying JPMorgan's "Civ.R. 60(B)" motion does not constitute a final, appealable order.[1]

{¶17} Accordingly, we dismiss the appeals for lack of a final, appealable order.

APPEALS DISMISSED.

---

[1] Because it was not a final order, a motion for reconsideration was/is an appropriate procedural mechanism to obtain relief. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981), fn. 1.

## JUDGMENT ENTRY

It is ordered that the APPEALS BE DISMISSED and that Appellants shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**