[Cite as *Settlers Bank v. Burton*, 2014-Ohio-335.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| SETTLERS BANK, | : | Case Nos. 12CA36 |
| | | 12CA38 |
| Plaintiff-Appellee, | : | |
| | | |
| v. | : | DECISION AND |
| | | JUDGMENT ENTRY |
| WILLIAM BURTON, | : | |
| ET AL., | | |
| | : | **RELEASED: 01/28/14** |
| Defendants-Appellants. | | |

_____

APPEARANCES:

Stephen D. Williger, Thompson Hine, L.L.P., Cleveland, Ohio, and Diane M. Goderre, Thompson Hine, L.L.P, Columbus, Ohio, for appellant JPMorgan Chase Bank, N.A.

James W. Peters, Peters Law Office Co., L.P.A., Woodsfield, Ohio, for appellant Jennifer S. Burton.

Gerald J. Tiberio, Jr., Scott D. Eickelberger, and Ryan H. Linn, Kincaid, Taylor & Geyer, Zanesville, Ohio, for appellee.
_____

Harsha, J.

{¶1} Settlers Bank ("Settlers") filed a complaint seeking foreclosure of real property owned by William L. Burton and Jennifer S. Burton to collect a judgment Settlers had obtained against Mr. Burton. In appeals that we consolidated, two of the defendants named in the complaint, JPMorgan Chase Bank, N.A. ("JPMorgan") and Mrs. Burton, appeal from certain rulings made by the Washington County Court of Common Pleas in favor of Settlers in the foreclosure case. JPMorgan challenges the trial court's entry of default judgment, which extinguished JPMorgan's mortgage lien on the Burtons' property, and the trial court's decision denying JPMorgan's motion for relief

from the default judgment.  Mrs. Burton appeals from the trial court's decision denying her motion for summary judgment in which she attempted to assert the lien priority rights of JPMorgan.

{¶2}    JPMorgan contends that the trial court erred in entering default judgment against it.  JPMorgan first claims that its failure to file an answer to Settlers's complaint constitutes an admission of the allegations in Settlers' complaint that JPMorgan has the first and senior lien on the Burtons' property.  However, Settlers merely alleged that JPMorgan "may have or claim to have an interest in the premises" by virtue of a mortgage.  Therefore, JPMorgan's failure to answer admitted only that JPMorgan may have an interest, not that the interest was valid and senior to Settlers's interest.

{¶3}    JPMorgan next claims that the trial court erred in entering default judgment against it because it granted relief that Settlers had not requested by extinguishing JPMorgan's senior lien against the Burtons' property.  But the trial court's default judgment did not differ in kind or exceed the relief prayed for in Settlers's demand for judgment in its complaint.  Settlers expressly requested: that the named defendants, including JPMorgan, be required to come forth and assert their interest in the premises or be forever barred therefrom; that all liens be marshaled; that upon Mr. Burton's failure to pay the judgment owed to Settlers within three days, the property be sold free and clear of all liens, claims, and interests of all of the defendants; and the proceeds were to be applied to pay Settlers' judgment.  Because JP Morgan failed to timely appear or otherwise defend against Settlers's foreclosure action, the trial court properly entered default judgment against JPMorgan removing its lien from the property.

{¶4}   JPMorgan further contends that a senior lienholder's interest cannot be extinguished by a default judgment rendered against it in a foreclosure action by a junior lienholder.  But this rule does not apply where the senior lienholder, who is a party to the foreclosure action and has been sufficiently apprised that its failure to answer or otherwise defend will bar its interest, fails to do so.

{¶5}   Finally, JPMorgan claims that the trial court erred in denying its motion for relief from the default judgment under Civ.R. 60(B).  JPMorgan's argument is meritless because the decision it sought relief from was an interlocutory order.  Moreover, even after construing the improper motion as one for reconsideration, the trial court did not abuse its broad discretion in denying it.  The record supports the trial court's determination that JPMorgan ignored the trial court's service of summons and numerous notices before making an appearance in the case and that it failed to sufficiently detail its claim of excusable neglect.

{¶6}   In Mrs. Burton's appeal, she asserts that the trial court erred in denying her motion for summary judgment in which she raises JPMorgan's argument that the default judgment did not extinguish its interest in the Burtons' property.  The trial court correctly determined that she failed to establish the requisite standing to raise this claim and that even if she had standing to raise JPMorgan's claim, that argument fails.

{¶7}   Because appellants' assignments of error lack merit, we affirm the judgment of the trial court.

## I. FACTS

{¶8}   The Burtons own real property in Marietta, Ohio.  In 2006, the Burtons executed and delivered to JPMorgan a mortgage of $154,000 securing the property.  In

2009, Settlers obtained a judgment against Mr. Burton in the amount of $100,301.70, plus interest, attorney fees, and costs.

{¶9}   Then in May 2010, Settlers filed a complaint in the common pleas court against the Burtons, JPMorgan, and other defendants.  Settlers alleged that it had a valid lien on the Burtons' property because of its judgment against Mr. Burton and that the other named defendants, including JPMorgan because of its mortgage, "may have or claim to have an interest in" the same property.  Settlers requested a declaration that it had a valid lien on the Burtons' property, that the defendants "be required to come forth and assert their interest in the premises or be forever barred therefrom," that all liens be marshaled, and that if Mr. Burton failed to exercise his equity of redemption, that the lien be foreclosed and the property be sold "free and clear of all liens, claims and interests of the Defendants," with the proceeds going to pay off Settlers's judgment lien.  The Burtons filed answers to the complaint, but JPMorgan did not, even though it was served with summons and a copy of the complaint.

{¶10}  Settlers filed a motion for default judgment against JPMorgan, which the trial court granted on August 2, 2010.  In its decision, the trial court declared that JPMorgan's mortgage was no longer valid and removed it from the Burtons' property. The court mailed a copy of the decision to the parties, including JPMorgan.

{¶11}  Subsequently, the parties filed a series of procedural motions. Settlers filed a motion and an amended motion for summary judgment.  Mrs. Burton filed a motion for summary judgment in which she sought, among other things, a declaration that the mortgage executed by the Burtons to JPMorgan constitutes the first and best

lien on their property.  Settlers filed a reply and a memorandum in support of JPMorgan's loss of priority of its lien.

{¶12}  In January 2011, over seven months after it had been served with the summons on Settlers's complaint and over five months after it had been mailed a copy of the default judgment entered against it, JPMorgan filed a motion for leave to file a memorandum in opposition to Settlers's memorandum on its loss of lien priority. JPMorgan thereafter filed a motion for relief from the default judgment pursuant to Civ.R. 60(B).

{¶13}  On February 2, 2011, the trial court issued a decision granting Settlers's motion for summary judgment and denying Mrs. Burton's motion for summary judgment. On April 14, 2011, the trial court issued a decision denying JPMorgan's Civ.R. 60(B) motion for relief from the default judgment.  On May 4, 2011, the trial court issued two entries that purported to enter final, appealable orders reflecting its earlier decisions. JPMorgan and the Burtons appealed from these entries, but in May 2012, we dismissed the appeals for lack of a final, appealable order.  *Settlers Bank v. Burton*, 4th Dist. Washington Nos. 11CA10, 11CA12, and 11CA14, 2012-Ohio-2418.

{¶14}  In August 2012, the trial court entered a judgment that resolved all of the pending claims.  The court determined that Settlers had a valid lien on the Burtons' property, subject to the county treasurer's lien for real estate taxes owed and Mrs. Burton's undivided one-half ownership interest, that JPMorgan was in default and no longer had a valid lien, and that if the Burtons failed to pay the judgment lien, the equity of redemption would be foreclosed and the property sold, with the sale proceeds

remaining after payment to Mrs. Burton and the county treasurer to be paid to Settlers on its lien.  JPMorgan and Mrs. Burton appealed from the trial court's judgment.

## II.  ASSIGNMENTS OF ERROR

{¶15}  JPMorgan assigns the following errors for our review:

I.  The Court of Common Pleas erred in entering default judgment because the relief the Court of Common Pleas awarded to Plaintiff-Appellee Settlers Bank extinguished JPMorgan Chase Bank, National Association's mortgage lien and is contrary to Ohio law.

II.  The Court of Common Pleas erred in entering the judgment of foreclosure because the judgment entry extinguished JPMorgan Chase Bank, National Association's mortgage lien and is contrary to Ohio law.

III.  The Court of Common Pleas erred in denying the motion of Defendant-Appellant JPMorgan Chase Bank, National Association for relief from judgment pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure because that motion was made within a reasonable time and less than one year after the entry of default judgment, Defendant-Appellant JPMorgan Chase Bank, National Association has a meritorious defense to Plaintiff-Appellee Settlers Bank's claims, and Defendant-Appellant JPMorgan Chase Bank, National Association's failure to respond was the result of excusable neglect as contemplated by Civ.R. 60(B)(1).

IV.  The Court of Common Pleas erred in denying the motion of Defendant-Appellant JPMorgan Chase Bank, National Association for relief from judgment pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure because that motion was made within a reasonable time and less than one year after the entry of default judgment, Defendant-Appellant JPMorgan Chase Bank, National Association has a meritorious defense to Plaintiff-Appellee Settlers Bank's claims, and relief from default judgment is proper under Civ.R. 60(B)(5) because the judgment was erroneous.

{¶16}  Mrs. Burton assigns the following errors for our review:

1.  THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO GRANT DEFENDANT-APPELLANT JENNIFER S. BURTON'S MOTION FOR SUMMARY JUDGMENT FILED ON DECEMBER 8, 2010.

2.  THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN HOLDING THAT J.P.MORGAN CHASE BANK LOST THE PRIORITY OF ITS MORTGAGE LIEN WHEN DEFAULT JUDGMENT WAS ENTERED AGAINST IT IN FAVOR OF THE PLAINTIFF-APPELLEE SETTLERS BANK BY ORDER DATED AUGUST 2, 2010.

### III.  STANDARD OF REVIEW

**{¶17}**  JPMorgan's assignments of error contest the trial court's default judgment against it and the trial court's denial of its motion for relief from the default judgment. We review a trial court's decision to grant a motion for default judgment under an abuse-of-discretion standard.  *Queen v. Hanna*, 2012-Ohio-6291, 985 N.E.2d 929 (4th Dist. Scioto), ¶ 20.  An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable.  *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, 136 Ohio St.3d 103, 2013-Ohio-1777, 991 N.E.2d 218, ¶ 25.

**{¶18}**  In addition, insofar as JPMorgan claims that the default judgment did not comply with Civ.R. 55(C) and 54(C), the issue is one of law, which we review de novo. *Dye v. Smith*, 189 Ohio App.3d 116, 2010-Ohio-3539, 937 N.E.2d 628, ¶ 7 (4th Dist. Washington), citing *Natl. City Bank v. Shuman*, 9th Dist. Summit No. 21484, 2003-Ohio-6116, ¶ 6.

**{¶19}**  We review trial court decisions on Civ.R. 60(B) motions for relief from judgment under the abuse-of-discretion standard of review.  *Young v. Young*, 4th Dist. Lawrence No. 11CA19, 2012-Ohio-3480, ¶ 7.  The same standard applies in reviewing trial court decisions on motions for reconsideration of interlocutory decisions.  *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 535, 706 N.E.2d 825 (4th Dist. Jackson).

**{¶20}**  Mrs. Burton's assignments of error challenge the trial court's denial of her motion for summary judgment; appellate review of summary judgment decisions is de novo, governed by the standards of Civ.R. 56.  *Vacha v. N. Ridgeville*, 136 Ohio St.3d

199, 2013-Ohio-3020, 992 N.E.2d 1126, ¶ 19.  Summary judgment is appropriate if the party moving for summary judgment establishes that:  (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, which is adverse to the party against whom the motion is made.  Civ.R. 56(C); *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157, ¶ 24.

## IV.  LAW AND ANALYSIS

### A.  Default Judgment and Judgment of Foreclosure

**{¶21}**  In its first and second assignments of error, JPMorgan asserts that the trial court erred in entering default judgment against it and extinguishing its lien in its foreclosure judgment.  Because these assignments of error are interrelated, we consider them jointly.

**{¶22}**  JPMorgan first contends that JPMorgan's failure to file an answer to Settlers' complaint in foreclosure constituted an admission that JPMorgan had the first and best lien on the Burtons' property.  Under Civ.R. 8(D), "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."  Therefore, when an answer does not specifically deny these averments, it admits them.  *See State ex rel. Craig v. Scioto Cty. Bd. of Elections*, 117 Ohio St.3d 158, 2008-Ohio-706, 882 N.E.2d 435, ¶ 20.

**{¶23}**  In Settlers's complaint, it alleged that "Defendant, JPMorgan Chase Bank, N.A., may have or claim to have an interest in the premises by virtue of a mortgage in the amount of $154,000 recorded at Official Record Volume 429, Page 821."  By not filing an answer to the complaint, JPMorgan admitted the allegation.  Civ.R. 8(D).

{¶24}  But the allegation admitted by JPMorgan's failure to answer merely specifies that it "may have or claim to have an interest" in the Burtons' property. Notwithstanding JPMorgan's claims to the contrary, Settlers's complaint did not allege that JPMorgan had a valid "first and best lien" on the property.  The complaint averred only that JPMorgan "may have" an interest in the property.  This was permissible and did not represent a concession concerning lien priority.  *See Winemiller v. Laughlin*, 51 Ohio St. 421, 38 N.E. 111 (1894), paragraph two of the syllabus (plaintiff in foreclosure action can bar claim of another lienholder should that lienholder not answer by stating in its complaint that the defendant claims some interest in the property and advising the defendant that its claim or lien will be barred if the defendant fails to appear and disclose it).

{¶25}  JPMorgan's citation of *Johnson v. Cromaz*, 11th Dist. Geauga No. 98-G-2151, 1999 WL 1313552 (Dec. 23 1999), is not persuasive because it is clearly distinguishable.  The foreclosure complaint in that case specifically alleged that the defendants were owners of the property at issue.  In fact, the majority opinion declared that "Appellees asserted the interest for her." *Id.* at *5.  Accordingly, a divided panel reversed a trial court's order denying a property owner's motion to participate in foreclosure sale proceeds even though she was in default for failure to answer.  As noted previously, the allegation in our complaint stated only that JPMorgan "may have or claim to have an interest."  This did not constitute an admission or an assertion that JPMorgan's mortgage was valid or that it was the first and best lien on the property. Therefore, JPMorgan's first argument is meritless.

**{¶26}** JPMorgan next contends that the trial court's default judgment should be reversed because the trial court awarded Settlers relief that it did not request by extinguishing JPMorgan's lien.

**{¶27}** Civ.R. 55(C) provides that "[i]n all cases a judgment by default is subject to the limitations of Rule 54(C)." Under Civ.R. 54(C), "[a] judgment for default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." *Zuljevic v. Midland-Ross Corp., Unitcast Div.*, 62 Ohio St.3d 116, 119, 403 N.E.2d 986, fn. 2 (1980). The purpose of Civ.R. 54(C) is to make sure that defendants are " 'clearly notified of the maximum potential liability to which they are exposed so that they may make an informed, rational choice to either: (1) enable a default judgment by not responding, or (2) invest the time and expense involved in defending an action.' " *Dye*, 189 Ohio App.3d 116, at ¶ 8, quoting *Natl. City Bank v. Shuman*, 9th Dist. Summit No. 21484, 2003-Ohio-6116, ¶ 11.

**{¶28}** Settlers's complaint specified that the named defendants, including JPMorgan, "be required to come forth and assert their interest in the premises or be forever barred therefrom," that all liens be marshaled, and that if Mr. Burton failed to pay Settlers's judgment lien within the specified period, that the lien be foreclosed and the property be sold "free and clear of all liens, claims and interests of the Defendants," with the proceeds to pay off the judgment lien.

**{¶29}** The demand for judgment in the foreclosure complaint advanced the purpose of Civ.R. 54(C) by expressly notifying JPMorgan that it had to appear and assert its interest in the Burtons' property or risk being "barred" from asserting it so that

the property would be sold "free and clear" of its mortgage lien.  Therefore, the default

judgment entered against JPMorgan did not violate Civ.R. 54(C) or 55(C).

**{¶30}** To the contrary, the default judgment barring JPMorgan from asserting its

interest in the property because of its failure to timely answer is supported by

longstanding precedent.  In *Winemiller*, 51 Ohio St. 421, 38 N.E. 111, at paragraph two

of the syllabus, the Supreme Court of Ohio expressly held that a lienholder that is

named a defendant in a foreclosure action, but fails to answer, is barred from raising its

interest thereafter as long as the plaintiff alleged that the defendant claims some

interest in the property and advises the defendant that its claim will be barred if the

defendant fails to appear and disclose it:

> 2.  The plaintiff in an action to foreclose a mortgage is not required to set
> forth either the nature of or the facts constituting the claim of another lien
> holder, in order to bar the latter by a decree against his claim if he should
> fail to answer.  If for that purpose anything more is required than to make
> him a party, and serve him with legal process, it will be sufficient for the
> petition to state that such defendant claims come interest in the
> mortgaged premises, and advises him that his claim or lien will be barred
> if he fails to appear and disclose it.

**{¶31}** Similarly, in *Lexington Ridge Homeowners Assn. v. Schlueter*, 9th Dist.

Medina No. 10CA0087-M, 2013-Ohio-1601, ¶ 20-21, the Ninth District Court of Appeals

recently held that a named senior lienholder's failure to answer or otherwise defend

against a foreclosure complaint instituted by a junior lienholder authorized the default

judgment specifying that the senior lienholder had no interest in the property; and that

this relief did not exceed the relief requested in the complaint, which requested—as

Settlers's complaint did here—that all liens on the property be marshaled:

> Although the recording statutes provide rules in determining the
> priority of competing liens, where an action is brought by a lienholder

asking the court to marshal the liens against the property, the burden is upon those parties that allege to have an interest in the property to assert their claims and interests in the property.  * * *

Here, [the senior lienholder] has argued that the division of sale proceeds among [the junior lienholder], [the property owners], and the trust, with no proceeds being distributed to [the senior lienholder], exceeded the relief requested in the complaint in violation of Civ.R. 54(C). [The senior lienholder's] argument is misplaced.  The entry specifically provides that [the senior lienholder] has "no interest" in the property as a result of its default.  This determination does not exceed the relief requested in the complaint, as [the junior lienholder] prayed that all liens on the property be marshaled, and [the senior lienholder], as a party named in the complaint as having a potential lien upon the property, bore the burden of establishing its interest.  * * * It chose not to assert its interest, enabling the default judgment that it had no interest in the property.

*See also Provident Bank v. Murray*, 2d Dist. Greene No. 84-CA-25, 1984 WL 3261 (Dec. 11, 1984) (trial court entered default judgment against senior lienholder in foreclosure action brought by junior lienholder and denied senior lienholder's motion for relief from the default judgment).  Thus, JP Morgan's second argument is meritless.

{¶32}  JPMorgan's final contention is that in Ohio, a senior lienholder maintains its lien even when default judgment is entered against it in a junior lienholder's foreclosure action.  However, the breadth of the second paragraph of the Supreme Court's syllabus in *Winemiller* and the Ninth District's recent holding in *Lexington Ridge* dispel JPMorgan's erroneous notion.

{¶33}  Moreover, the cases that JPMorgan cites in support of its proposition are distinguishable and unpersuasive.  As discussed previously, the decision by a divided panel of the Eleventh District Court of Appeals in *Johnson*, 1999 WL 1313552, is distinguishable because the foreclosure complaint in that case included a concession concerning one of the property owners' interest.  And in *Mueller v. Petri*, 1st Dist. No. C-

74692, 1975 WL 182122, *2, (Nov. 3, 1975), the First District Court of Appeals affirmed

a trial court's order setting aside a confirmation and distribution order following a default

judgment against a senior lienholder in a foreclosure action because the plaintiff knew

of the lien and "even undertook to put a sum, although not the proper one, in the

Confirmation of Sale."  By contrast, Settlers did not specify that JPMorgan had a valid

senior lien that was required to be paid before Settlers's judgment lien.

{¶34}  As a leading Ohio property treatise explains, a senior lienholder's failure to

answer a junior lienholder's foreclosure action can result in the senior lienholder's

interest being barred:

> Although a senior mortgagee is not a necessary party to an action
> to foreclose a junior mortgage or lien, it is nevertheless highly desirable to
> make him a party.  One purpose for making a senior mortgagee a party
> defendant, even though the mortgage to him is not in default, is to obtain
> an adjudication as to the amount of his lien, in order that the purchaser
> may be advised of what he is purchasing.  Such purpose must be
> specifically indicated in the complaint.  Another object would be to assert
> that the senior mortgage is fraudulent, or void, or has been paid.  For
> these reasons it is strongly suggested that the holders of prior mortgages
> be made defendants in an action to foreclose a junior mortgage or lien,
> whether the conditions of the prior mortgages have been broken, and
> whether the senior mortgagees might be cut off through failure to answer.
> *As a practical matter a senior mortgagee is bound to answer, if only to set
> up whether the obligation to him is due.  Otherwise, he runs the risk of
> having his interest cut off through failure to respond to service of
> summons.*

(Emphasis added and footnotes omitted.)  Kuehnle and Levey, *Baldwin's Ohio Real

Estate Law*, Section 36:26 (2013);  *see also Galt Alloys, Inc. v. KeyBank Natl. Assn.*, 85

Ohio St.3d 353, 708 N.E.2d 701 (1999), paragraph three of the syllabus ("Where a party

to a foreclosure proceeding has been served with process in compliance with the Civil

Rules and has thereby been provided an opportunity to answer and appear to protect

his or her interests in connection with a foreclosure sale, but has neither answered nor

appeared, due process does not require that the party be given additional specific notice of the date, time, and place of the sheriff's sale").

**{¶35}**   Therefore, JPMorgan's final contention in its first two assignments of error is also meritless.   The trial court properly granted default judgment against JPMorgan when it failed to timely answer or otherwise defend against Settlers's complaint in foreclosure.   We overrule JPMorgan's first and second assignments of error.

### B.  Motion for Relief from Judgment

**{¶36}**  In its third and fourth assignments of error, JPMorgan asserts that the trial court erred in denying its Civ.R. 60(B) motion for relief from the default judgment because its failure to file a timely answer to the foreclosure complaint resulted from excusable neglect under Civ.R. 60(B)(1) and the default judgment was erroneous and entitled it to relief under Civ.R. 60(B)(5).

**{¶37}**  JPMorgan's argument fails because, as we held in its previous appeal, "JPMorgan could not file a Civ.R. 60(B) motion in this case."  *Settlers*, 2012-Ohio-2418, ¶ 16.  The trial court's August 2010 order granting Settlers a default judgment against JPMorgan was not a final order.  So, the trial court did not enter a final judgment from which JPMorgan could seek relief from judgment under Civ.R. 60(B) when JPMorgan filed its Civ.R. 60(B) motion requesting relief from judgment.  *Id.*  Because the order granting a default judgment that JPMorgan sought to vacate was an interlocutory order, it should have instead filed a motion for reconsideration.  *Id.* at fn. 1.

**{¶38}**  Moreover, even if we were to consider JPMorgan's motion for relief from judgment as a properly filed motion for reconsideration of the default judgment, the trial

court did not abuse its broad discretion in denying the motion.  *See generally Vanest*, 124 Ohio App.3d at 534, 706 N.E.2d 825 ("courts generally hold that the prematurely filed 'motion for relief' from the interlocutory order should be treated as a motion for reconsideration").

**{¶39}**  The primary basis for JPMorgan's claim for relief from the default judgment is that its failure to answer and its delay of over seven months after it had been served with summons and over five months after it had been mailed a copy of the default judgment before it even entered an appearance and requested relief under Civ.R. 60(B) occurred because of "excusable neglect."

**{¶40}**  "Excusable neglect" is "an elusive concept which has been difficult to define and to apply," *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), and the determination of whether excusable neglect justifies relief depends upon a consideration of "all the surrounding facts and circumstances." *Colley v. Bazell*, 64 Ohio St.2d 243, 249, 416 N.E.2d 605 (1980).  In general, "a failure to plead or respond after admittedly receiving a copy of a court document is not 'excusable neglect,' " *Natl. City Home Loans Serv., Inc. v. Gillette*, 4th Dist. Scioto No. 05CA3027, 2006-Ohio-2881, ¶ 18, and a defendant's inaction is not excusable neglect if it constitutes a "complete disregard for the judicial system."  *Kay*, 76 Ohio St.3d at 20.

**{¶41}**  Consequently, "there is a fine line between excusable and inexcusable neglect and the courts, including this court, must defer to the trial court's determination on whether the neglect is excusable given our abuse of discretion standard." *Norman v. Hanoverton Motor Cars, Inc.*, 7th Dist. Hanover No. 11CO13, 2012-Ohio-2697, ¶ 27.

**{¶42}** In this case, the trial court determined that JPMorgan's conduct constituted a "complete disregard for the judicial system because of its repeated ignorance of various court filings, including the summons on the complaint, numerous notices of hearings sent to it by the Court, the Clerk, and the motions filed by the attorneys," as well as Mrs. Burton's daily requests that it intervene in the case.

**{¶43}** JPMorgan relies on this court's decision in *Hopkins v. Quality Chevrolet, Inc.*, 79 Ohio App.3d 578, 607 N.E.2d 914 (4th Dist. Ross 1992), in support of its claim of excusable neglect. In *Hopkins*, we affirmed a trial court's determination that the failure of an automobile dealership to file an answer to a customer's complaint was the result of excusable neglect warranting relief from a default judgment under Civ.R. 60(B)(1). In so holding, we observed that "[t]here is no bright-line test" to determine whether a party's neglect is excusable, but cases indicated that "relief from default judgment may be granted on the basis of excusable neglect when service is properly made on a corporation but a corporate employee fails to forward the summons and complaint to the appropriate person." *Id.* at 582. We found that affidavits provided a sufficient basis for the trial court to find excusable neglect when they showed that (1) there is a set procedure to be followed in the corporate hierarchy for dealing with legal process, and (2) such procedure was inadvertently not followed until such time as a default judgment had already been entered against the corporate defendant. *Id.* at 583.

**{¶44}** The trial court rejected JPMorgan's argument because: it did not provide sufficient information about what its procedure was and how it was inadvertently not followed; the purported procedure was not followed by JPMorgan on many occasions by an unknown number of employees for an extended period of time; and JPMorgan

ignored the summons and complaint, numerous court notices of hearing, and the daily pleas of Mrs. Burton.

**{¶45}** Here, the only evidence submitted by JPMorgan to support its claim of excusable neglect was a conclusory affidavit of its Vice President, who stated that the company "has an established procedure for receiving legal process and directing legal process to the appropriate person to respond to litigation," in the foreclosure case, this "process and procedure for responding to legal process *appears to* not have been followed," and "it *appears* that after the summons and complaint were reviewed by [the company], it *may have been mischaracterized* by [company] personnel." (Emphasis added.)

**{¶46}** This evidence is significantly less detailed than the affidavit evidence presented to the trial court in *Hopkins*, in which the corporate president specified that the procedure was for all legal matters to be referred to either him or the general manager, that the summons and the complaint were not forwarded to anybody until they were placed on his desk, that neither he nor the general manager were aware of the pending action before that date, and that he had reason to believe that a specific former employee who had been fired for, among other reasons, failing to follow up on assigned jobs, had failed to forward to summons and complaint to his supervisor. *Hopkins* at 581-582, 607 N.E.2d 914; *see also Kormanik v. Haley*, 10th Dist. No. 12AP-18, 2012-Ohio-5975, ¶ 27 (in case affirming denial of motion for relief from default judgment based on excusable neglect in a foreclosure case, the court distinguished *Hopkins* and a comparable case because "[i]n each of the cases, the defendant corporation's motion [for relief from default judgment] included the affidavits of officers and employees who

not only could attest to the circumstances surrounding the summons' and complaint's delay in reaching the appropriate person, but could also explain how a breakdown in the established procedure prevented the documents from reaching that person"). The evidence does not purport to identify the appropriate persons in JPMorgan to whom legal papers were supposed to be referred. Nor does it explain why numerous filings and requests went ignored for such an extended period of time.

**{¶47}** Moreover, like *Wagner v. Bank One Athens, N.A.*, 4th Dist. Gallia No. 95CA7, 1995 WL 761301, *5, fn. 4 (Dec. 20, 1995), *Hopkins* is distinguishable from the underlying foreclosure case because that case "involved papers being filed within weeks while the case *sub judice* involves months before the first motion was filed."

**{¶48}** To be sure, courts prefer to decide cases on the merits instead of procedural grounds, but that principle must be balanced against the competing principle favoring finality of litigation. *Dye*, 189 Ohio App.3d 116, 2010-Ohio-3539, 937 N.E.2d 628, at ¶ 14. And although the test for excusable neglect under Civ.R. 6(B)(2) for a motion to file an answer following the expiration of the applicable period is less stringent than that applied under Civ.R. 60(B), *State ex rel. Lindenschmidt v. Bd. of Commrs. Of Butler Cty.*, 72 Ohio St3d 464, 466, 650 N.E.2d 1343 (1995), JPMorgan did not file a Civ.R. 6(B)(2) motion to file an answer after the expiration date.

**{¶49}** In sum, "[g]iven the fine line between excusable neglect and inexcusable neglect and the trial court's reasoned decision, we cannot find that the court abused its discretion in finding no excusable neglect,"; we must defer to that reasonable decision rather than substitute our judgment for that of the trial court. *See Norman*, 2012-Ohio-2697, ¶ 29, 31.

{¶50} JPMorgan also contends that it was entitled to relief from judgment under Civ.R. 60(B)(5) because the default judgment entered against it was erroneous. *See Kormanik*, 2012-Ohio-5975, at ¶ 30, quoting *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus ("Civ.R. 60(B)(5) is a catch-all provision reflecting 'the inherent power of a court to relieve a person from the unjust operation of a judgment'"). After considering this argument in the context of reconsideration of the nonfinal default judgment order initially entered by the trial court, the trial court did not abuse its discretion in denying this relief because, as discussed previously, the default judgment was properly entered and not erroneous.

{¶51} Therefore, the trial court did not act in an unreasonable, arbitrary, or unconscionable manner in denying JPMorgan's Civ.R. 60(B) motion for relief from judgment. JPMorgan's third and fourth assignments of errors are overruled.

### C. Summary Judgment

{¶52} Mrs. Burton asserts in her assignments of error that the trial court erred by failing to grant her motion for summary judgment to the extent she claimed that the court should have declared that the JPMorgan lien was the first and best lien on the Burtons' property.

{¶53} However, as the trial court determined she did not present sufficient evidence to establish that she had standing to raise JPMorgan's claim. Standing has been held to be a jurisdictional requirement in cases, including those involving foreclosure. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 22. Parties must have standing for a court to decide the merits of a dispute. *Utility Serv. Partners, Inc. v. Pub. Utilities Comm. of Ohio*, 124

Ohio St.3d 284, 2009-Ohio-6764, 921 N.E.2d 586, ¶ 49.  In general, a litigant must assert its own rights instead of the claims of third parties, and third-party standing is not favored.  Third-party standing may, however, be granted when a claimant (1) suffers its own injury in fact, (2) possesses a sufficiently close relationship with the person who possesses the right, and (3) shows some hindrance to seeking relief that stands in the way of the person possessing the right. *See State v. Sturbois*, 4th Dist. Athens Nos. 10CA48 and 10CA49, 2011-Ohio-2728, ¶ 33, citing *Utility Serv. Partners* at ¶ 49.

**{¶54}** On the record before us, the trial court acted rationally in determining that Mrs. Burton failed to present sufficient evidence and argument to establish that she met these requirements for third-party standing.  *See Emerson Tool, L.L.C. v. Emerson Family Ltd. Partnership*, 9th Dist. Summit No. 24673, 2009-Ohio-6617, ¶ 17 (mortgagor lacked standing to request vacation of foreclosure judgment based on mortgagee's alleged failure to provide notice to junior lienholders).

**{¶55}** Furthermore, even assuming that Mrs. Burton had the requisite standing to raise JPMorgan's contention that it did not lose the priority of its mortgage lien when default judgment was entered against it, for the reasons previously discussed under JPMorgan's first and second assignments of error, her contention is meritless.

**{¶56}** Therefore, we overrule Mrs. Burton's first and second assignments of error.

V.  Conclusion

**{¶57}** The trial court did not err in granting Settlers's motion for default judgment against JPMorgan, denying JPMorgan's motion for relief from judgment, and denying

Mrs. Burton's motion for summary judgment.  Having overruled JPMorgan's and Mrs.

Burton's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellants shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J., & McFarland, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
      William H. Harsha, Judge


### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**