[Cite as *Cuyahoga Cty. Treasurer v. Unknown Heirs of Russell*, 2022-Ohio-309.]

COURT OF APPEALS OF OHIO

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| TREASURER OF CUYAHOGA COUNTY, OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | | |
| | : | No. 110540 |
| v. | | |
| | : | |
| UNKNOWN HEIRS OF WILLIAM W. RUSSELL, JR., ET AL., | : | |
| | | |
| Defendants-Appellees. | : | |
| | | |
| [Appeal by Real Time Resolutions, | : | |
| | | |
| Defendant-Appellant.] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 3, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-921584

*Appearances:*

Carlisle, McNellie, Rini, Kramer & Ulrich, Co., L.P.A., and
Eric T. Deighton, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Edmund G. Tallos, Assistant Prosecuting
Attorney, *for appellee* Treasurer of Cuyahoga County,
Ohio.

MICHELLE J. SHEEHAN, P.J.:

**{¶ 1}** Deutsche Bank National Trust Company ("Deutsche Bank"), the mortgage holder of a property owned by William W. Russell, Jr.,[1] defaulted on a tax foreclosure complaint filed by the Treasurer of Cuyahoga County ("the Treasurer"). After the property was sold in a court-ordered sheriff's sale, appellant Real Time Resolutions Inc. ("Real Time") was assigned the mortgage and acquired the note previously secured by the mortgage. Real Time filed a "Motion to Intervene and For Distribution of Excess Sale Proceeds On Deposit," seeking to intervene as the assignee of the mortgage and claiming an interest in the excess sale proceeds based on equity. The trial court denied Real Time's motion to intervene.

**{¶ 2}** On appeal, Real Time raises the following assignment of error for our review:

> I. The trial court abused its discretion in denying Real Time Resolution Inc.'s Motion to Intervene and for Distribution of Excess Sale Proceeds on Deposit, without a hearing.

**{¶ 3}** Upon a review of the record and applicable law, we find no merit to the appeal and affirm the trial court's judgment.

**Background**

**{¶ 4}** On September 17, 2019, the Treasurer filed a real estate tax foreclosure complaint against William W. Russell, Jr. seeking to foreclose a property

---

[1] A certificate of death for William W. Russell, Jr. attached to the complaint identifies a date of death of March 31, 2014, for William W. Russell, Jr.

located at 3105 W. 100th Street, Cleveland ("the property") due to a failure to pay the real estate taxes for several years. The complaint also named as defendants Susan L. Bon, Morgan W. Russell, Chase W. Russell, unknown heirs of William W. Russell, Jr., as well as Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W3. The complaint requested that the defendants "be required to set up their liens or claims or be forever barred" from asserting any claims against the property.

**{¶ 5}** None of the defendants, including Deutsch Bank, answered or otherwise appeared. On February 20, 2020, the magistrate held a hearing for the tax foreclosure matter and subsequently issued a magistrate's decision, awarding the Treasurer with a decree of foreclosure. The magistrate found all the necessary parties had been duly served with the summons and complaint.[2]

**{¶ 6}** On March 17, 2020, the trial court adopted the magistrate's decision, issuing a decree of foreclosure and ordering that, upon the filing of the entry of confirmation of sale, the title to the parcel shall be free and clear of all liens and encumbrances.

**{¶ 7}** On December 4, 2020, the court issued an order for the property to be sold at a sheriff's sale. On January 6, 2021, the property was sold for $47,100.

---

[2] The docket reflects that the summons and complaint were sent to Deutsche Bank on September 17, 2019. They were, however, returned with the notation "forward time exp rtn to send[er]." The service was subsequently made by publication, and the docket contained an affidavit for service by publication filed on November 13, 2019.

**{¶ 8}** On January 29, 2021, the trial court confirmed the sale. After a deduction of taxes ($15,711.40) and costs involved in the sale, there was $28,876.99 remaining in the sale proceeds, held by the clerk of courts pending further order of the trial court.

**{¶ 9}** Subsequently, on May 6, 2021, Real Time filed a "Motion to Intervene And For Distribution of Excess Sale Proceeds on Deposit." Real Time alleged that it was assigned the mortgage on April 22, 2021 — more than three months after the property was sold — and requested that it be allowed to intervene pursuant to Civ.R. 24(A)(2) and 24(B)(2) as the assignee of the mortgage. Real Time stated that, in the event the court granted the intervention, it would move the court to set aside the March 17, 2020 judgment pursuant to Civ.R. 60(B) "to the extent necessary (if necessary at all) to allow for distribution of excess sale proceeds" to Real Time.

**{¶ 10}** Real Time attached to its motion an affidavit from David Rosas, the Director of Loss Mitigation of Real Time. Rosas averred that Real Time is in possession of the subject note, which has a balance of $95,868.24, and that Deutsche Bank's failure to respond to the complaint was excusable.

**{¶ 11}** Exhibit C to the motion to intervene is a "Corporate Assignment of Mortgage," which reflects Deutsche Bank assigned the mortgage to Real Time on April 22, 2021. Exhibit D to the motion is a letter dated April 22, 2021, addressed to William W. Russell, Jr. The letter stated that "Real Time Resolution, Inc. is a debt collector" and "[t]his is an attempt to collect a debt * * *." The letter attached a payoff

statement showing $145,171.94 as the total payoff amount, which includes $48,062.20 of interest and $95, 868.24 of principal.

{¶ 12} While Real Time sought to intervene in this case, the motion did not set forth any argument regarding Real Time's entitlement to intervene either as of right or by permission pursuant to Civ.R. 24.

{¶ 13} Regarding excusable neglect, Rosas averred that

> Real Time was at all relevant times [a] loan servicer for Defendant Deutsche Bank so if Defendant Deutsche Bank had been served, Real Time should have been notified, but, notwithstanding established company procedures for handling litigation, said summons did not reach the proper loan servicing/foreclosure analyst and the matter was not properly assigned to outside counsel.

Rosas averred that "[t]he reason those procedures were not followed in this case is the result of inadvertent error by one or more employees, not a systematic failure on the part of Real Time or Deutsche Bank."

{¶ 14} Real Time acknowledged the mortgage lien on the subject property had been extinguished but argued that it is entitled to make a claim on the excess sale proceeds. Real Time asked the court to exercise its equitable powers to have the debt owed on the note paid from the excess proceeds.

{¶ 15} On May 25, 2021, the trial court denied Real Time's motion. The court found that Deutsche Bank was properly named and served and was required to answer and set up any claim that it may have to the property or be barred and, because Deutsche Bank was found to be in default for failing to answer the

complaint, Deutsche Bank and its successor, Real Time, were barred from asserting a right to the excess sale proceeds.

**Appeal**

{¶ 16} Although Real Time did not request a hearing in its motion to intervene and there is no requirement that the trial court automatically hold a hearing over a motion to intervene, it now argues in its sole assignment of error that the trial court abused its discretion in denying its motion without setting a hearing. Under the assignment of error, however, Real Time frames the issue on appeal as

> whether a trial court abuses its discretion in not exercising its broad equitable powers to award excess proceeds on deposit to a creditor who has no other adequate remedy to obtain funds to pay the debt owed to it after the trial court extinguished the creditor's mortgage through a tax foreclosure case, despite an obvious failure of service of notices.

{¶ 17} While Real Time frames the issue on appeal as whether the trial court abused its discretion in not exercising its equitable powers to distribute the excess sale proceeds to Real Time, in the body of its brief, Real Time argues (1) Real Time's motion to intervene should be granted;  (2) the trial court abused its discretion in not vacating the default judgment against Deutsche Bank pursuant to *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976); and (3) "regardless of whether Deutsche [Bank's] default is vacated or if Real Time is permitted to intervene, Real Time is entitled to a distribution of the excess sale proceeds."

**{¶ 18}** Real Time raised different issues in its motion and on appeal. It is a well-established principle of appellate law that a party cannot raise an argument for the first time on appeal. *See, e.g.*, *Lycan v. Cleveland*, 8th Dist. Cuyahoga Nos. 107700 and 107737, 2019-Ohio-3510, ¶ 32 ("arguments raised for the first time on appeal are generally barred and a reviewing court will not consider issues that the appellant failed to raise in the trial court"). Therefore, we only consider issues raised before the trial court and properly reserved for appellate review.

### Analysis: Whether the Trial Court Abused its Discretion in Denying Real Time's Motion to Intervene

**{¶ 19}** Real Time's motion is captioned as "Motion to Intervene and for Distribution of Excess Sale Proceeds on Deposit." In the motion, Real Time stated that it "hereby moves to Intervene into this case pursuant to Ohio Rule of Civil Procedure 24(A)(2) and 24(B)(2) as it is the assignee of the mortgage previously held by Defendant, Deutsche Bank * * *." Real Time further stated that "[i]f Intervention is granted, Real Time further moves this court pursuant to Rule 60(B) of the Ohio Revised Code to Partially Vacate the March 17, 2020 Judgment Entry, but only to the extent necessary (if necessary at all) to allow for distribution of excess sale proceeds to Real Time."

**{¶ 20}** Real Time is a nonparty in this tax foreclosure case. In order to request that the trial court set aside the default judgment against Deutsche Bank pursuant to Civ.R. 60(B) and to exercise its power in equity in Real Time's favor, Real Time must first be granted a right to intervene. Because the trial court denied

Real Time's motion to intervene, the only issue before us in this appeal is whether the trial court improperly denied Real Time's motion to intervene.

{¶ 21} We review the trial court's decision regarding a motion to intervene for an abuse of discretion. *State ex rel. N.G. v. Cuyahoga Cty. Court of Common Pleas, Juvenile Div.*, 147 Ohio St.3d 432, 2016-Ohio-1519, 67 N.E.3d 728, ¶ 21.

{¶ 22} Pursuant to Civ.R. 24, a party can seek to intervene in an action as a matter of right or by the court's permission. It states:

(A) Intervention of right.

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(B) Permissive intervention.

Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

{¶ 23} Real Time's motion referred to both Civ.R. 24(A)(2) and 24(B)(2) as grounds for its intervention. However, as we have noted, the motion did not set

forth any argument under either rule. On appeal, Real Time appears to argue it was entitled to intervene in this tax foreclosure case as of right pursuant to Civ.R. 24(A)(2).

{¶ 24} Both Civ.R. 24(A) and 24(B) require an application to intervene to be timely. Here, Real Time sought to intervene after the trial court issued a judgment entry of confirmation of sale. Regarding a postjudgment motion to intervene, "[i]ntervention after final judgment has been entered is unusual and ordinarily will not be granted." *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503-504, 696 N.E.2d 1058 (1998). "Whether a Civ.R. 24 motion to intervene is timely depends on the facts and circumstances of the case." *Id.* at 503.[3]

{¶ 25} Here, however, the issue of timeliness is not before us — Real Time did not set forth any argument regarding the timeliness of its motion to intervene and the trial court did not decide the motion on that ground. Rather, the trial court denied the motion on the ground that a lienholder who is named as a defendant in a foreclosure action but fails to answer is barred from subsequently claiming its interest, citing *Settlers Bank v. Burton*, 4th Dist. Washington Nos. 12CA36 and 12CA38, 2014-Ohio-335, ¶ 30 ("a lienholder that is named a defendant in a

---

[3] The court considers the following factors in determining timeliness: "(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention." *Id.*

foreclosure action, but fails to answer, is barred from raising its interest thereafter as long as the plaintiff alleged that the defendant claims some interest in the property and advises the defendant that its claim will be barred if the defendant fails to appear and disclose it").

{¶ 26} The trial court was correct that Deutsche Bank's mortgage interest in the property was extinguished with the confirmation of the sheriff's sale. *See, e.g., Deutsche Bank Natl. Trust Co. v. Richardson*, 2d Dist. Darke Nos. 2010-CA-3 and 2010-CA-13, 2011-Ohio-1123, ¶ 21. Real Time was assigned Deutsche Bank's mortgage in the property months after the confirmation of the sale, i.e., after Deutsche Bank's mortgage interest had been extinguished, and therefore, Real Time, as its successor in interest, cannot claim any interest to be protected by Civ.R. 24(A)(2) through a motion to intervene.

{¶ 27} Real Time acknowledged in its motion to intervene that "Real Time is not trying to assert any interest in the real property which was the subject of this case; the time for doing so has long passed." Real Time asserted instead that it was asserting an interest in the excess sheriff's sale funds.

{¶ 28} In this regard, this court has recently noted that "a defaulting junior lienholder is not entitled to share in any proceeds realized from a foreclosure sale because, in the absence of other indications in the complaint, its default can be construed as a disclaimer of interest in the property." *State ex rel., US Bank Trust Natl. Assn. v. Cuyahoga Cty.*, 8th Dist. Cuyahoga No. 110297, 2021-Ohio-2524, ¶ 11, citing *Zukerman, Daiker & Lear Co., L.P.A. v. Signer*, 186 Ohio App.3d 686, 2009-

Ohio-968, 930 N.E.2d 336, ¶ 34 (8th Dist.), and *Settlers*, 2014-Ohio-335, at ¶ 31. Because Deutsche Bank — the defaulting junior lienholder whose lien was subordinate to the tax lien — has no interest in the proceeds of the sheriff's sale, Real Time, as its successor, cannot claim any interest in the proceeds either. Consequently, the trial court did not abuse its discretion in denying Real Time's motion to intervene.

{¶ 29} As the only issue properly before us is whether the trial court abused its discretion in denying Real Time's motion to intervene pursuant to Civ.R. 24, we do not reach the question of whether the trial court abused its discretion in not granting Real Time's Civ.R. 60(B) motion to set aside the judgment or not exercising its equity power to allow a distribution of the excess sale proceeds to Real Time. The sole assignment of error is without merit. The trial court's judgment denying Real Time's motion to intervene is affirmed.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MARY J. BOYLES, J., CONCUR