OPINION
{¶ 1} Lawrence Williams appeals from the judgment of the Dayton Municipal Court wherein the court granted Vernon Nored relief from a default judgment originally granted in Williams' favor.
 {¶ 2} On July 1, 2003, Williams filed a complaint against Victor Nored, Vernon Nored and Toni Nored. In the first counts of the complaint Williams alleged that Victor Nored owed him $4150 for attorneys fees for services rendered. In Count III, Williams contended Vernon and Toni Nored owed him the same amount because they guaranteed payment of their son, Victor's attorneys fees. Vernon and Toni Nored were personally served with the complaint on July 4, 2003. On August 19, 2003, Williams moved for a default judgment against all the defendants pursuant to Civ.R. 55(A). The trial court granted the default judgment without permitting the defendant to respond to the motion.
 {¶ 3} On November 26, 2003, Williams notified the defendants by ordinary mail he intended to garnish their bank account to satisfy the judgment. On December 18, 2003, Williams attached $4640 from Nored's account with Bank One. On January 20, 2004, Vernon Nored moved for relief from the default judgment. In his motion, Nored stated that neither he nor his wife received personal service of the complaint and the notice of garnishment listed only his son on the notice. In a separate affidavit, Nored stated he attempted to respond to the garnishment but was told by the municipal clerk's office that he could not since the notice was in his son's name.
 {¶ 4} Vernon Nored testified that he agreed to pay Williams for his son's attorney fees in several different legal matters and that he paid $2400 toward those fees and then told Williams he would not be responsible for any more fees incurred by his son, Victor. He testified he didn't remember receiving service of the complaint and the garnishment notice was addressed to his son. He said he tried to address the garnishment after his bank accounts were attached but the clerk of the municipal court wouldn't let him respond.
 {¶ 5} Edwin White testified he personally served Vernon Nored with the complaint on the 4th of July. He said he had met Nored on a prior occasion.
 {¶ 6} Williams testified he agreed to represent Nored's son Victor on several criminal and traffic matters based on Nored's verbal guarantee of payment of attorney's fees. Williams said Nored posted a $5,000 bond on two felony charges for his son and Williams said he expected payment from the bond at the conclusion of all the cases. Williams said he had already settled three of the four cases against Victor Nored when Vernon Nored said he could not pay more than $2400. Williams admitted Vernon Nored had already paid him $800 but contended he owed the remaining balance on the $5,000 agreement. Williams admitted that the default judgment was taken for $4640 plus interest but contended that judgment amount was a typographical error.
 {¶ 7} In granting Nored's motion, the trial court made the following findings: {¶ 8} "Defendant, Vernon Nored, testified that he cannot remember receiving the complaint, but acknowledges that he received various legal documents and pleadings in Victor's name and that he assumed they all involved Victor and not he or his wife. Such testimony by Defendant to be believable means that defendant never read past the first defendant on the complaint. In any event, none of the defendants filed an answer or otherwise offered a defense and on August 19, 2003, plaintiff filed his motion for default judgment and supporting memorandum. On August 19, 2003, Judge Cannon signed and filed the entry of default judgment.
 {¶ 9} "The court notes that plaintiff's original complaint sought the amount of four thousand one hundred fifty and no/100 ($4,150.00) dollars for legal services rendered on behalf of Victor Nored. The default judgment entry prepared and submitted by plaintiff increased the award amount to four thousand six hundred forty and no/100 ($4,640.00) dollars without attaching any supporting documentation and justification for the increase. Plaintiff testified that the failure to document the increase was merely a `typo', a contention the court rejects.
 {¶ 10} "The Court finds that a review of the file indicates that plaintiff has been successful in the attachment of defendant, Vernon Nored's bank account in the amount of four thousand six hundred forty and no/100 ($4,640.00) dollars from Bank One on December 18, 2003, which resulted in defendant's motion for relief from judgment being filed on January 21, 2004. From the testimony of both plaintiff, Lawrence R. Williams, Jr., and defendant, Vernon Nored. It is apparent that no fee contract was signed by the parties and that there was never a meeting of the minds between the parties as to the legal fee amount to be charged by plaintiff and the amounts to be paid by the defendants, either jointly or severally. Further, from the testimony of plaintiff it has been established that defendant, Vernon Nored, has paid plaintiff the sum of Eight Hundred and no/100 ($800.00) dollars for attorney fees on behalf of his son and co-defendant, Victor Nored.
 {¶ 11} "The Court is well aware of the three prong test of GTE Automatic Electric v. ARC Indus., 47 Ohio St.2d 146 (1976) concerning the granting of motions to vacate. The court notes that defendant, Vernon Nored, has established the possibility of a valid defense to the judgment amount, especially given the testimony of plaintiff and defendant, Vernon Nored, that no fee amount was ever agreed upon or established between the parties. Further, defendant, Vernon Nored, has filed his motion for relief from judgment in a timely manner. The third and final test being whether or not defendant's failure to answer or otherwise defend was based on excusable neglect. The court having previously noted Edwin White's opinion as to what is good service, is compelled to find that in the interest of fundamental justice, that the final test has been met as well.
 {¶ 12} "Based upon the above findings of facts and conclusions of law, the court makes the following orders:
 {¶ 13} "It is hereby ordered that the judgment of August 19, 2003, be and hereby is vacated. It is further ordered that service of the complaint has been made upon defendants, Vernon Nored and Toni Nored, but not upon defendant, Victor Nored, it is further ordered that defendants, Vernon Nored and Toni Nored, are granted twenty-eight (28) days from the date of this entry in which to file their answers or otherwise defend as to plaintiff's complaint. It is further ordered that plaintiff needs to perfect service on defendant, Victor Nored, in this matter."
 {¶ 14} Williams contends the trial court abused its discretion in granting Nored's motion because the evidence was clear that Nored completely disregarded the judicial system by ignoring the complaint served upon him. Williams concedes that Nored may have made out a meritorious defense to some portion of the debt.
 {¶ 15} Nored argues that the evidence established excusable neglect because the complaint listed his son first, correspondence was addressed to Victor only, and the notice of garnishment was addressed to Victor Nored.
 {¶ 16} Generally, a motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. See, e.g., Moore v. Emmanuel Family Training Ctr., (1985),18 Ohio St.3d 64, Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, GTEAutomatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, Griffeyv. Rajan (1987), 33 Ohio St.3d 75. Abuse of discretion will not be found where the reviewing court simply could maintain a different opinion were it deciding the issue de novo, but rather represents an attitude that is unreasonable, arbitrary, or unconscionable. AAAA Enterprises, Inc. V.River Place Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157,553 N.E.2d 597; McGee v. CS Lounge, 108 Ohio App.3d 656.
 {¶ 17} An action is unreasonable when there is no sound reasoning process to support the judge's decision. AAAA Ent., Inc., supra. Stated another way, "` in order to have an `abuse' . . ., the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'" Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, quotingState v. Jenkins [1984], 15 Ohio St.3d 164. Finally, it should be noted that "discretion necessarily connotes a wide latitude of freedom of action on the part of the trial court, and a broad range of more or less tangible or quantifiable factors may enter into the trial court's determination." McGee, supra.
 {¶ 18} After careful consideration, we find the trial court did not abuse its discretion in granting Nored relief from the default judgment. Although the matter of excusable neglect is close, there was evidence to support the trial court's finding. Although Williams' complaint listed all of the Noreds as defendants in the caption, the first two counts only referred to Victor Nored and only the second page of the complaint made reference to Vernon and Nored. The process was served on Vernon on a holiday when Nored testified some family members came to his house that day and he was in and out all day long. He said he could not specifically remember receiving the complaint. Although Nored was served with a complaint requesting legal fees in the amount of $4160, Williams obtained a default judgment in the amount of $4640 and Williams attached Nored's bank account in that amount as well. The court specifically found Williams' explanation that the excessive judgment was a typographical error as "a contention the court rejects." Williams' conduct in obtaining an excessive default judgment was an independent ground for granting Nored relief from the judgment entered.
 {¶ 19} Nored certainly proffered a meritorious defense. As contracts to answer for the debt or performance of another, contracts of guaranty fall within the statute of frauds, and therefore must be in writing. R.C. 1335.05. Also a guarantor is bound only by the precise words of his contract. GF Business Equip. Inc. V. Liston (1982), 7 Ohio App.3d 223. The defendant acknowledged he agreed to pay $2400 for his son's representation but he contended he completed payment to Williams. There was no express written contract that Nored agreed to pay a greater amount for his son's representation. In summary, we find no abuse of discretion present in the trial court's action. The appellant's assignment of error is overruled.
 {¶ 20} The judgment of the trial court is Affirmed.
Wolff, J., and Fain, J., concur.