[Cite as *Campbell v. Goodall*, 2016-Ohio-736.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Collie Campbell                                            Court of Appeals No. L-15-1234

      Appellant                                      Trial Court No. CI0201404469

v.

Julie Goodall, et al.                                      **DECISION AND JUDGMENT**

      Appellee                                       Decided:  February 26, 2016

* * * * *

Russell Gerney, for appellant.

Stephen C. Roach, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an accelerated appeal from the judgment of the Lucas County Court of Common Pleas.  Appellant, Collie Campbell, contends that the trial court erred when it granted appellee's, Julie Goodall, motion for summary judgment on appellant's premises liability claim, and when it denied appellant's subsequent Civ.R. 60(B) motion for relief.  For the reasons that follow, we affirm.

**Facts and Procedural Background**

{¶ 2} The underlying facts in this matter are not disputed. Appellee is the owner and lessor of real property on which appellant worked as an employee of the lessee. On November 2, 2012, appellant was injured when she stepped in a pothole in the parking lot. Appellant, having worked on the premises for the past 12 years, and having been in the parking lot four to five times a day on average, stated in her deposition that she was aware of the existence of potholes in the parking lot. Lighting was not an issue.

{¶ 3} On October 31, 2014, appellant filed a complaint against appellee, asserting a claim of premises liability.[1] Appellant alleged that she was an invitee, that appellee had a contractual duty to maintain the parking lot, that appellee was aware of the potholes as evidenced by previous ineffective remediation efforts, and that appellant was injured as a result of appellee's failure to remove the known hazard. Alternatively, appellant alleged that appellee had a duty to warn about the known hazard, and negligently failed to do so, causing appellant's injuries.

{¶ 4} The docket sheet contains an entry that on March 6, 2015, the trial court held a case scheduling conference, which resulted in a June 1, 2015 deadline to file motions for summary judgment.[2]

---

[1] Appellant also named two John Does as defendants with an interest in the real property at issue, and asserted a second premises liability count against them. That second count is not before this court on appeal.

[2] Without explanation, the actual scheduling order was not entered until May 14, 2015.

2.

{¶ 5} On May 1, 2015, appellee filed her motion for summary judgment, arguing that she was entitled to judgment as a matter of law because of appellant's actual knowledge of the pothole, and because the pothole constituted an open and obvious danger.

{¶ 6} Appellant did not respond to the motion for summary judgment within the 14 days provided by local rule.

{¶ 7} On May 21, 2015, the trial court granted appellee's motion for summary judgment, and dismissed the case with prejudice.

{¶ 8} Thereafter, on June 19, 2015, appellant concurrently filed a Civ.R. 60(B) motion for relief from judgment, and a motion for partial summary judgment. The Civ.R. 60(B) motion stated that appellant mistakenly believed that the scheduling order superseded the local rules. Thus, she thought she had until June 1, 2015, to file her motion for partial summary judgment. Appellant requested that the court find her misunderstanding to be excusable neglect. Further, appellant requested that the court vacate its order granting summary judgment to appellee, and consider appellant's motion for partial summary judgment.

{¶ 9} In her motion for partial summary judgment on the issue of liability only, appellant argued that the standard of care owed by appellee is not based in tort law, but rather in contract. Appellant cited a provision in the lease agreement wherein "Lessor agrees to maintain the common areas and to keep them free and clear of obstruction to

3.

travel thereon." Appellant further asserted that she was an intended third-party beneficiary of the lease.

{¶ 10} Appellee filed an opposition to the Civ.R. 60(B) motion, and moved to strike the motion for partial summary judgment because the trial court lacked jurisdiction to consider it in light of having already dismissed the case on appellee's motion for summary judgment.

{¶ 11} On August 10, 2015, the trial court entered its decision denying appellant's Civ.R. 60(B) motion, and striking appellant's motion for partial summary judgment. The trial court reasoned that the Civ.R. 60(B) motion did not attempt to allege a meritorious claim, and that even if the court incorporated appellant's argument in her motion for summary judgment, such argument did not constitute a meritorious claim because appellant was not an intended third-party beneficiary of the lease. In addition, the court found that appellant had not demonstrated that she was entitled to relief under one of the grounds in Civ.R. 60(B)(1)-(5) because her mistaken belief in regards to her time to respond to the motion for summary judgment did not constitute excusable neglect.

{¶ 12} Appellant has timely appealed the trial court's August 10, 2015 judgment, asserting three assignments of error for our review:

1. The Court erred by failing to follow its own Scheduling Order.

2. The Court made an error of law by failing to grant Rule 60(B) relief.

4.

3. The Court made an error of law by finding that the Plaintiff was not a third-party beneficiary to the lease between Plaintiff's employer and Defendant.

**Analysis**

{¶ 13} In her first assignment of error, appellant argues that, pursuant to Civ.R. 16, the scheduling order controls the relevant time to respond. *See* Civ.R. 16 ("the [scheduling] order shall control the subsequent course of action"). She further argues that the scheduling order is in conflict with the local rules because the scheduling order provided until June 1, 2015, to file motions for summary judgment, whereas the local rule provided only 14 days to respond to a motion for summary judgment, resulting in a deadline of May 15, 2015. Where the rules conflict, appellant asserts that the state rule overrides the local rule. *Hollinghead v. Bey*, 6th Dist. Lucas No. L-99-1351, 2000 WL 1005205, *4 (July 21, 2000) ("[T]o the extent the local rule is in conflict with the state rules of civil procedure, the state rules override the local rule."). Therefore, she contends that the trial court's order granting summary judgment was in error because it was untimely entered before the expiration of the June 1, 2015 deadline.

{¶ 14} We note, however, that appellant did not timely appeal from the trial court's May 21, 2015 decision granting summary judgment. "Where a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal." *State ex rel. Pendell v. Adams County Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713 (1988). Thus,

5.

since appellant failed to appeal within 30 days of the May 21, 2015 judgment as required by App.R. 4(A), we are without authority to resolve whether the trial court erred in granting appellee's motion for summary judgment.

{¶ 15} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 16} Turning now to appellant's second and third assignments of error pertaining to the denial of the Civ.R. 60(B) motion, we note that, in reviewing the denial of a Civ.R. 60(B) motion, an appellate court applies an abuse of discretion standard. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 17} In order to be entitled to relief from judgment under Civ.R. 60(B), appellant must demonstrate that:

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

"If any of these three requirements is not met, the motion should be overruled." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

6.

**{¶ 18}** We will begin and end with the first requirement as we find it is dispositive of this appeal. Appellant argues that her meritorious claim is that she was an intended third-party beneficiary of the lease agreement, and therefore appellee owed her a duty to keep the parking lot in good repair. However, we conclude that for purposes of appellant's premises liability negligence action, her status as a third-party beneficiary is inapposite.

**{¶ 19}** In *Shump v. First Continental-Robinwood Assoc.*, 71 Ohio St.3d 414, 418, 644 N.E.2d 291 (1994), the Ohio Supreme Court explained that in premises liability cases,

> The legal duty that a landlord [out of possession] owes a tenant is not determined by the common-law classifications of the invitee, licensee, and trespasser under the law of premises liability; instead, a landlord's liability to a tenant is determined by the landlord's common-law immunity from liability and any exceptions to that immunity that a court or a legislative body has created.

Some of the exceptions that give rise to landlord liability include: "concealment or failure to disclose known, nonobvious latent defects; defective premises held open for public use; defective areas under the landlord's control; *failure to perform a covenant to repair*; breach of a statutory duty; and *negligent performance of a contractual or statutory duty to repair*." (Emphasis added.) *Id.*

**{¶ 20}** Furthermore,

> It is the well settled general rule that the duties and liabilities of a landlord to persons on the leased premises by the license of the tenant are the same as those owed to the tenant himself. For this purpose they stand in his shoes. * * * The guest, servant, etc., of the tenant is usually held to be so identified with the tenant that this right of recovery for injury as against the landlord is the same as that of the tenant would be had he suffered the injury. *Id.* at 419, quoting *Caldwell v. Eger*, 8th Dist. Cuyahoga No. 7956, 1929 WL 2885, *1 (Nov. 25, 1929).

Thus, the Ohio Supreme Court explicitly held that "a landlord owes the same duties to persons lawfully upon the leased premises as the landlord owes to the tenant." *Id.*

**{¶ 21}** In this case, we will assume for purposes of discussion that appellee has, through the lease agreement, voluntarily accepted a duty to fix the potholes in the parking lot giving rise to a premises liability claim.[3] Pursuant to *Shump*, appellee owes this duty not only to the tenant, but also to "persons lawfully upon the leased premises."

---

[3] The lease agreement provides:

> Lessor grants to Lessee the non-exclusive right to use the common areas jointly with the other tenants, employees, customers, suppliers and invites. *Lessor agrees to maintain the common areas and to keep them free and clear of obstruction to travel thereon and to remove and to keep clean and presentable, in a timely and reasonable manner, ice, snow, debris, grass and landscaping, as and when applicable.* The term common areas herein shall be deemed to include parking areas, driveways, * * *.

8.

Therefore, appellee would owe the duty to appellant regardless of whether she is or is not a third-party beneficiary.

{¶ 22} What appellant's alleged meritorious claim does not address is appellee's argument that she owes no duty to appellant because the pothole was open and obvious. "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, syllabus. Appellant has made no argument that the pothole was not open and obvious, nor has she provided any legal argument that the open and obvious doctrine should not apply to contractually assumed duties. Therefore, we hold, albeit on different grounds, that the trial court did not err in determining that appellant failed to establish a meritorious claim, and that the court's denial of appellant's Civ.R. 60(B) motion for relief from judgment was not an abuse of discretion.

{¶ 23} Accordingly, appellant's second and third assignments of error are not well-taken.

## Conclusion

{¶ 24} For the foregoing reasons, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

9.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                      _____
                                                                           JUDGE

Stephen A. Yarbrough, J.

                                          _____

James D. Jensen, P.J.                                                                           JUDGE
CONCUR.

                                          _____
                                                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.