[Cite as *Lankford v. Weller*, 2023-Ohio-430.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| Jason Lankford, etc., et al., | : | Case No. 21CA19 |
| | : | |
| Plaintiffs-Appellees, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| Debra Weller, as Executor of the Estate of Edwin D. Hammond, (Deceased), et al., | : | |
| | : | |
| | : | **RELEASED: 02/13/2023** |
| Defendants-Appellants. | : | |

APPEARANCES:

Mark D. Tolles, II and Michael L. Benson, Benson & Sesser, LLC, Chillicothe, Ohio for Appellant, Debra Weller, as Executor of the Estate of Edwin D. Hammond (Deceased).

John M. Snider and Jefferson M. Kiser, Lancaster, Ohio, for Appellee, Matthew W. Gibson.

Wilkin, J.

{¶1} Appellant, Debra Weller, executor of the estate of Edwin D. Hammond ("estate"), appeals the Pickaway County Court of Common Pleas judgment that granted appellee's, Matthew W. Gibson's ("Gibson"), Civ.R. 60(B) motion for relief from the estate's default judgment. The estate presents two assignments of error: (1) the trial court abused its discretion granting Gibson's motion for relief from default judgment because he was properly served and he failed to provide any excusable neglect, and (2) under Civil Rules 55(A) and 5(A), because Gibson had defaulted and failed to appear in the underlying action, he was not entitled to notice of the motion for default judgment or the default

judgment damages hearing.  Therefore, the trial court abused its discretion in vacating the default judgment.

{¶2} In response, Gibson, claims that (1) the trial court did not abuse its discretion in granting his motion for relief from judgment, and (2) he was entitled to notice of the May 28, 2021 default judgment damages hearing.  Therefore, the trial court did not abuse its discretion in vacating the estate's default judgment. Further, the estate's second assignment of error is moot because the default judgment was properly vacated.

{¶3} After reviewing the parties' arguments, the record, and the applicable law, we find that the trial court did not abuse its discretion in granting Gibson's Civ.R. 60(B) motion for relief from the estate's default judgment, and affirm its judgment.

## FACTS AND PROCEDURAL BACKGROUND

{¶4} Gibson resides at 22365 Alkire Road, Circleville, Ohio (Alkire-Road property").  He also operates three businesses from that address with his two sons, Matthew S. Gibson ("Skyler"), and Bryant S. Gibson.  The businesses include: Gibson Lime Services, GIB Properties (a property management company), and a farm.  Gibson averred that he receives deliveries for GIB Properties and the farm at the Alkire-Road property that require a signature.  "In order to keep up with the large amount of mail we receive on a daily basis, especially during the last quarter of the year, we will routinely sign for each other and for GIB."  Gibson also owns an approximate six-acre property located at

26055 U.S. Rt. 23 ("Gibson's Rt. 23 property") that is leased by Gibson to FirstFleet through GIB Properties.

{¶5} On March 28, 2019, Edwin Hammond was driving north on U.S. Rt. 23 in Pickaway County with his two foster children, Jason and Joshua Lankford. At the same time, a trailer truck owned by Transco Lines ("Transco"), and operated by Christopher Gatewood was pulling out of a driveway that originated from Gibson's Rt. 23 property, onto U.S. Rt. 23 into the path of Hammond's vehicle causing an accident, which killed Hammond, and injured the Lankford children.

{¶6} On September 27, 2019, the Lankford children, through their mother, filed a complaint against the estate, Gatewood, and Transco Lines. The complaint sought to recover damages on the children's behalf.

{¶7} On October 29, 2019, the estate filed a counterclaim against the Lankford children. On that same day, the estate also filed cross claims against Gatewood and Transco, and a third-party complaint against several entities, including Roundtown Parts and Service Center, LLC ("Roundtown") and Gibson. The third-party complaint alleged that these parties, including Gibson, were "negligent and/or reckless with respect to how [he] maintained the [Route 23 property], including but not limited to, the entrance and exit of the premises[,]" which made it more probable for the accident herein to occur.

{¶8} On November 1, 2019, the Pickaway County Clerk's Office (clerk's office") sent a summons and a copy of the estate's third-party complaint by certified mail with return receipt to "Matthew W. Gibson" at the Alkire-Road

property. The certified mail return-receipt signed "Matthew W. Gibson" was received by the clerk's office on November 12, 2019. However, Gibson did not file a timely answer, or otherwise file a timely response to the estate's third-party complaint.

{¶9} On March 30, 2020, third-party defendant, Roundtown, filed an answer to the estate's third-party complaint. Roundtown's answer was served on Gibson by ordinary mail.

{¶10} On March 11, 2021, the estate filed a motion for default judgment against Gibson. Five days later, the trial court granted the estate's motion and set a damages hearing for May 28, 2021. On May 27, 2021, attorneys for the estate submitted instructions for service of the default judgment on various parties, including Gibson. The estate settled with the other defendants (Gatewood, Transco, and Roundtown).

{¶11} On May 28, 2021, the court held a damages hearing regarding the default judgment against Gibson. Neither, Gibson nor a representative on his behalf was present. On June 1, 2021, the trial court issued a judgment granting the estate damages in the amount of $2,904,014.66 ("$2.9 million") against Gibson.

{¶12} On June 16, 2021, Gibson filed a motion to vacate the trial court's default and damages judgment entries pursuant to Civ.R. 60 and for a new trial pursuant to Civ.R. 59. Gibson maintained that his failure to timely respond to the estate's complaint was excusable neglect within Civ.R. 60(B)(1). Gibson claimed that Skyler "signed for the envelope containing the Complaint and Summons [in

November of 2019] having no appreciation that it contained a lawsuit seeking to hold [Gibson] accountable for an accident that he had nothing to do with." Although Skyler "was careless in not paying strict attention to what was in the envelope he signed for, his carelessness should not be held to be the foundation for a $2.9 million dollar judgment against his father." Gibson also argued his motion was filed in a reasonable time because it was well within a year of the default judgment. Finally, he maintained that "[n]umerous meritorious arguments exist in this case in [his] defense." Alternatively, Gibson argued that the default judgment could not be sustained by the weight of the evidence.

{¶13} On November 16, 2021, the trial court issued a decision and entry addressing Gibson's motion for relief from the default judgment. The court first concluded the estate had perfected service on Gibson based on the return of the certified mail receipt pertaining to the delivery of the complaint to Gibson's Alkire-Road property that contained the signature, "Matthew W. Gibson." The court then analyzed whether Gibson could satisfy the three prong test from *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St. 2d 146, 351 N.E.2d 113 (1976) necessary to grant a Civ.R. 60(B)(1) motion, which is a timely filed motion, a meritorious defense, and excusable neglect.

{¶14} The court first found that Gibson had filed his motion in a timely manner because he filed it within 15 days of June 1, 2021, the date that the trial court journalized its May 28, 2021 entry granting the estate $2.9 million dollars in damages.

**{¶15}** The court made a factual determination that Skyler signed Gibson's signature on the receipt for the envelope that contained the summons and complaint. The court considered whether Skyler's failure to forward the summons and complaint to Gibson was "excusable neglect." The trial court relied on a First District Court of Appeals decision wherein a plaintiff perfected service upon a corporation, but a corporate employee failed to forward the summons and complaint to the appropriate person. *Heard v. Dubose*, 1st Dist. Hamilton No. C-060265, 2007-Ohio-551. The court in *Heard* held that employee's neglect was excusable. The trial court herein applied *Heard* by way of analogy, and similarly held that Gibson's neglect in failing to forward the envelope containing the lawsuit to Gibson was excusable.

**{¶16}** Finally, the trial court found that Gibson had a meritorious defense based on the testimony of an engineer that Gibson had no ownership of the driveway from which the semi-truck emerged onto U.S. Rt. 23 causing the accident. Finding all three elements required to support a successful Civ.R. 60(B) motion, the trial court granted Gibson's motion.

**{¶17}** It is this judgment that the estate appeals.

ASSIGNMENTS OF ERROR

I.      THE TRIAL COURT ABUSED ITS DISCRETION IN VACATING ITS MARCH 30, 2021 AND JUNE 1, 2021 JUDGMENT ENTRIES REGARDING DEBRA WELLERS CLAIMS AGAINST MATTHEW W. GIBSON ON THE BASIS OF CIV.R. 60(B)(1) WHERE MATTHEW W. GIBSON WAS PROPERLY SERVED AND FAILED TO DEMONSTRATE ANY EXCUSIBLE NEGLECT FOR HIS FAILURE TO RESPOND TO DEBRA WELLER'S THIRD-PARTY COMPLAINT

II.     PURSUANT TO CIV.R. 55(A) AND CIV.R.5(A), A PARTY WHO IS IN DEFAULT AND HAS NOT ENTERED AN APPEARANCE IN AN

ACTION IS NOT ENTITLED TO NOTICE OF THE FILING OF A MOTION FOR DEFAULT JUDGMENT OR A DEFAULT JUDGMENT DAMAGES HEARING. THEREFORE, THE TRIAL COURT ABUSED ITS DISCRETION IN VACATING THE JUNE 1, 2021 DEFAULT JUDGMENT DAMAGES AWARD AGAINST MATTHEW W. GIBSON ON THE BASIS THAT MR. GIBSON DID NOT HAVE ADVANCE NOTICE OF THE DEFAULT JUDGMENT DAMAGES HEARING

ASSIGNMENT OF ERROR I

**{¶18}** The estate first argues that the evidence indicates that it was Gibson who signed the complaint, not his son Skyler, as the trial court found. The estate offered testimony from a handwriting expert who testified that in his opinion the signature on the receipt for the envelope containing the complaint was Gibson's handwriting, not Skyler's. The estate asserts that because Gibson signed for the complaint personally "his failure to respond to [the estate's complaint] would certainly constituted (sic) neglect." The estate maintains being unable to offer an explanation as to what happened to the complaint "cannot serve as a basis for finding excusable neglect."

**{¶19}** Alternatively, the estate claims that even if Skyler signed for the complaint, his neglect is imputable to Gibson. The estate maintains that " '[t]he acts of [a principal] and its agents must be examined together to determine whether excusable or inexcusable neglect occurred.' *Wagner v. Bank One*, 4th Dist. Gallia App. 95CA7, 1995 Ohio App. LEXIS 5849, * 13 (1995)[.]" According to the estate, the evidence shows that Skyler was acting as Gibson's agent in signing for the complaint. The estate contends that " '[i]nsufficient or negligent internal procedures in an organization may not comprise excusable neglect and, therefore, they may not support the vacation of a default judgment[,]' " citing

*Andrew Bihl Sons v. Trembly*, 67 Ohio App.3d 664, 667, 588 N.E.2d 172 (4th Dist. 1990).  Therefore, Skyler's accepting and signing for the complaint, and his inability to explain the disposition of the complaint, is imputed to Gibson, and is not excusable neglect.

{¶20} The estate also argues that a copy of Roundtown's answer to the estate's third-party complaint was served upon Gibson in March of 2020 by ordinary mail, which included references to Gibson as party to the lawsuit.  The estate maintains that this pleading would also have put Gibson on notice of his need "to inquire about why [he] was receiving filings in a lawsuit[,]" but he failed to do so demonstrating "a complete disregard to the judicial system and the rights of [the estate]."

{¶21} The estate also claims that Gibson failed to set out a meritorious defense.  The estate claims that a driveway provides the only access to and from U.S. Rt. 23 to Gibson's Rt. 23 property, where the semi-trailer trucks ("trucks") park.  And, even if Gibson does not own the gravel edge of the driveway that abuts U.S. Rt. 23, it does not absolve him of liability because he owns the remainder of the driveway that extends onto his property over which the trucks would have to traverse to exit onto U.S. Rt. 23.  Consequently, Gibson would still be liable for defects (potholes) in that part of the property that the estate alleges would affect trucks exiting onto U.S. Rt. 23.

{¶22} Therefore, the estate concludes that the trial court abused its discretion in granting Gibson's Civ.R. 60(B) motion to vacate the estate's default judgment against him.

**{¶23}** In response, Gibson maintains that he has met the requirements of Civ.R. 60(B), i.e., (1) he has a meritorious defense, (2) he is entitled to relief under Civ.R. 60(B)(1), and (3) he filed his motion within a reasonable time.

**{¶24}** Gibson claims that the Alkire-Road property where the summons and complaint were served is his home and where he and his two sons operate three businesses. Therefore, a large amount of mail is delivered to that address. Gibson claims that he and his sons all sign for each other's mail.

**{¶25}** Gibson testified that the signature on the receipt for the envelope containing the complaint was not his. And Skyler testified that the signature was his. Skyler also testified that he was not aware that the envelope contained a complaint. After learning of the estate's lawsuit in June of 2021, Skyler testified that he searched for the envelope but could not find it and presumed it was accidently thrown away. Gibson claims that the envelope was received during the busy season for their businesses. Gibson cites several cases in support including *Heard*, 1st Dist. Hamilton No. C-060265, 2007-Ohio-551 (the decision relied upon by the trial court herein), *Williams v. Nored*, 2d Dist. Montgomery No. 20480, 2005-Ohio-605, and *Mann v. Shkurka*, 8th Dist. Cuyahoga No. 42418, 1981 Ohio App. LEXIS 5849 for the proposition a family member's acceptance of service and neglect in failing to get the document to the proper family member is excusable.

**{¶26}** Under the facts of this case, Gibson argues that the neglect was not a total disregard of the judicial system. Gibson maintains that it makes no sense to ignore a complaint that could lead to financial liability. Contrary to the estate's

position, Gibson claims that it is not essential for him to identify what occurred to the complaint in order for the neglect to be excusable.  Gibson also maintains that finding the neglect excusable will serve the remedial nature of Civ.R. 60. Gibson contends that imposing a $2.9 million judgment on him would "work an injustice."

**{¶27}** Gibson also argues that he has presented a meritorious defense. He maintains that his surveyor provided unrebutted testimony that Gibson does not own the part of the driveway from which the semi-truck left when pulling onto U.S. Rt. 23.  Because he does not own the driveway, Gibson claims that he has no obligation to maintain it and thus could not be liable for its condition.

**{¶28}** Therefore, Gibson maintains that the trial court did not abuse its discretion in granting his Civ.R. 60(B) motion for relief from the estate's default judgment.

LAW

A.  Standard of Review

**{¶29}** "We review a trial court's decision granting or denying a Civ.R. 60(B) motion for relief from a judgment for an abuse of discretion."  *Eitel's Towing Serv., Inc. v. D H Trucking, Inc.*, 4th Dist. Ross No. 21CA3753, 2022-Ohio-1639, ¶ 23, citing *Whited v. Whited*, 4th Dist. Washington No. 19CA26, 2020-Ohio-5067, ¶ 8.  "Under this highly deferential standard, an appellate court's review is limited to determining whether the trial court acted unreasonably, arbitrarily, or unconscionably; in doing so, the appellate court may not simply substitute its judgment for that of the trial court."  *Id.* at ¶ 8, citing *Dunford v. Dunford,* 4th Dist.

Gallia No. 13CA7, 2014-Ohio-617, ¶ 3. " 'It is not sufficient for an appellate court to determine that a trial court abused its discretion simply because the appellate court might not have reached the same conclusion or is, itself, less persuaded by the trial court's reasoning process than by the countervailing arguments.' " *Eitel's Towing Serv.* at ¶ 24, quoting *State v. Morris*, 132 Ohio St. 3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14 *.*

{¶30} In reviewing a trial court's judgment addressing a motion for relief under Civ.R. 60(B) for an abuse of discretion, an appellate court examines the "entire record." *See Turner v. Turner*, 4th Dist. Gallia No. 96CA4, 1996 WL 599387, *4 (Oct. 16, 1996); *Cockeram v. Seifer*, 2d Montgomery No. 9814, 1986 WL 9085, *2 (Aug. 25, 1986); *Middleton v. Luna's Rest. & Deli, L.L.C.*, 5th Dist. Stark No. 2011 CA 00004, 2011-Ohio-4388, ¶ 25; *Cecilia R. v. Eddie M.*, 6th Dist. Lucas No. L-04-1044, 2005-Ohio-1676, ¶ 24; *Scheibert v. Hatton*, 9th Dist. Wayne No. 2625, 1991 WL 161356, *3 (Aug. 21, 1991). Moreover, a reviewing court can affirm that a trial court has acted within its discretion in deciding a Civ.R. 60(B) motion, even if on other grounds. *See Quinn v. Fry*, 5th Dist. Knox No. 02CA3, 2002-Ohio-3075, *2; *Campbell v. Goodall*, 6th Dist. Lucas No. L-15-1234, 2016-Ohio-736, ¶ 22.

## B. Civ.R. 60(B)

{¶31} In order

> to prevail on a Civ.R. 60(B) motion, a movant must demonstrate:
> (1) a meritorious defense or claim to present if relief is granted; (2)

entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*Whited*, 4th Dist. Washington No. 19CA26, 2020-Ohio-5067, ¶ 10, citing *Bank of Am., N.A., Kuchta,* 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1030, ¶ 10-11, citing *GTE Automatic Elec. Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

"These [three] requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Id.*, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

**{¶32}** "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *GTE Automatic Elec., Inc.*, 47 Ohio St. 2d 146, 351 N.E.2d 113, paragraph three of the syllabus (1976).

1.  Meritorious Defense

**{¶33}** " 'A meritorious defense is one which, if proved, would entitle a party to the relief requested.' " *Cullimore v. Cullimore*, 4th Dist. Hocking No. 21CA7, 2022-Ohio-3208, ¶ 41, quoting *Williamson v. Saranda Consol. Ltd. Partnership*, 2d Dist. Montgomery No. 11507, 1989 WL 150791, *4 (Dec. 14, 1989). However, "[u]nder Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St. 3d 17, 20, 520 N.E.2d 564 (1988), citing *Moore v. Emmanuel Family Training Ctr.*, 18 Ohio St.3d 64, 67, 479 N.E.2d 879 (1985). "This requires the moving party to allege operative facts 'with enough

specificity to allow the trial court to decide whether he or she has met that test.' " *Byers v. Dearth*, 4th Dist. Ross No. 09CA3117, 2010-Ohio-1988, ¶ 12, quoting *Syphard v. Vrable*, 141 Ohio App.3d 460, 463, 751 N.E.2d 564 (7th Dist. 2001). "Ultimately, 'a proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint.' " *Spaulding-Buescher v. Skaggs Masonry, Inc.*, 4th Dist. Hocking No. 8CA1, 2008-Ohio-6272, ¶ 10, quoting *Amzee Corp. v. Comerica Bank– Midwest,* 10th Dist. Franklin No. 01-AP-465, 2002-Ohio-3084, ¶ 20.

### 2.  Excusable Neglect

{¶34} The term " 'excusable neglect' is 'an elusive concept which has been difficult to define and to apply.' " *Settlers Bank v. Burton*, 4th Dist. Washington Nos. 12CA36, 12CA38, 2014-Ohio-335, ¶ 40, quoting *Kay v. Glassman*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), citing *GTE Automatic Elec.*, 47 Ohio St.2d at 153, 351 N.E.2d 113 (1976).  " ' "[T]here is a fine line between excusable and inexcusable neglect and the courts, including this court, must defer to the trial court's determination on whether the neglect is excusable given our abuse of discretion standard." ' " (Brackets sic.) *Eitel's Towing Serv., Inc.*, 4th Dist. Ross No. 21CA3753, 2022-Ohio-1639, ¶ 28, quoting *Settlers Bank* at ¶ 41, quoting *Norman v. Hanoverton Motor Cars, Inc.,* 7th Dist. Hanover No. 11 CO 13, 2012-Ohio-2697, ¶ 27.  But some "cases generally suggest that if the party or his attorney could have controlled or guarded against the happening of the special or unusual circumstance, the neglect is not excusable." *Dayton Power & Light v. Holdren*, 4th Dist. Highland No. 7CA21, 2008-Ohio-5121, ¶ 11.

Therefore, "[g]enerally, a failure to plead or respond after admittedly receiving a copy of a court document is not 'excusable neglect.' " *Natl. City Home Loan Servs., Inc. v. Gillette*, 4th Dist. Scioto No. 5CA3027, 2006-Ohio-2881, ¶ 18, citing *Katko v. Modic*, 85 Ohio App. 3d 834, 838, 621 N.E.2d 809 (4th Dist. 1993).

{¶35} However, excusable neglect " 'must take into consideration all the surrounding facts and circumstances, and courts must be mindful that cases should be decided on their merits, where possible, rather than procedural grounds.' " *Eitel's Towing Serv.*, 4th Dist. Ross No. 21CA3753, 2022-Ohio-1639, at ¶ 29, quoting *Seniah Corp. v. Buckingham, Doolittle & Burroughs, L.L.P.*, 5th Dist. Stark No. 2016CA00039, 2016-Ohio-7516, ¶ 25, citing *Rajan,* 33 Ohio St.3d at 79-81, 514 N.E.2d 1122 (1987). " 'These include the amount of time between the last day that an answer would have timely been filed and the date the default judgment was granted, the amount of the judgment awarded, and "the experience and understanding of the defendant with respect to litigation matters." ' " *Peoples Bank, Natl. Assn. v. McGhee*, 4th Dist. Gallia Nos. 12CA11, 13CA4, 2013-Ohio-3859, ¶ 14, quoting *State v. Hulgin,* 9th Dist. Summit No 26719, 2013-Ohio-2794, ¶ 13, quoting *Colley v. Bazell*, 64 Ohio St 2d 243, 249, 416 N.E.2d 605 (1980). It is important that "courts must remain mindful of the fact that ' "[m]atters involving large sums should not be determined by default judgments if it can reasonabl[y] be avoided." ' " *Id.*, quoting *Colley* at 249, fn5, quoting *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 245 (3d Cir.1951).

**{¶36}** Ultimately, [a] court must interpret the concept of excusable neglect in a manner consistent with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to strike a balance between the conflicting principles of finality and justice." *Williams v. Roe*, 4th Dist. Scioto No. 95CA2373, 1996 WL 49222, *2 (Feb. 2, 1996), citing *Colley*, 64 Ohio St.2d 243, 248 (1980); *McGhee*, 4th Dist. Gallia Nos. 12CA11, 13CA4, 2013-Ohio-3859, ¶ 13.

### 3. Reasonable Time

**{¶37}** Finally, "[t]o prevail on a motion for relief from judgment, the movant must establish that the motion is made within a reasonable time, *and*, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), no more than one year after the judgment sought to be vacated was entered. Civ.R. 60(B)." (Emphasis added) *Struckman v. Bd. of Educ. of Teays Valley Loc. Sch. Dist.*, 2019-Ohio-115, 128 N.E.3d 709, ¶ 24 (4th Dist.).

### ANALYSIS

### A. Civ. R. 60(B) Requirements

### 1. Timeliness

**{¶38}** Gibson filed his Civ.R. 60(B) motion for relief well within a year of the date that the default judgment was entered as required by the rule. The trial court also found that Gibson's Civ.R. 60(B) motion was filed within a reasonable time, and the estate does not contest the timeliness of Gibson's motion. Therefore, we find that the trial court did not abuse its discretion in finding that Gibson filed his Civ.R. 60(B) motion within a reasonable time.

## 2. Meritorious Defense

{¶39} The estate's theory of liability against Gibson is that he was negligent or reckless in maintaining the driveway that connects his Rt. 23 property to U.S. Rt. 23, which "made it more probable for the accident herein to occur." For example, the estate argues that the evidence shows Gibson owned part of the driveway that contained potholes. When exiting Gibson's Rt. 23 property, all trucks would traverse that part of the driveway with the potholes causing the trucks difficulty entering U.S. Rt. 23. Therefore, the estate alleges that Gibson is liable for the death and injuries caused by the accident herein.

{¶40} Gibson claims that he does not own the portion of the driveway that the trucks use to enter U.S. Rt. 23, and therefore would not be liable for any failure to maintain that portion of the driveway. *Simpson v. Big Bear Stores Co.*, 73 Ohio St.3d 130, 135, 652 N.E.2d 702 (1995).

{¶41} Gibson presented testimony from Craig Stevenson, a civil engineer who surveyed Gibson's Rt. 23 property. The survey map depicts Gibson's approximately six-acre property, which lies west of, and adjacent to, U.S. Rt. 23. Stevenson testified that the driveway provides the only access point from Gibson's Rt. 23 property to U.S. Rt. 23. Stevenson opined that

> [b]ased on all the findings from the title documentation and survey completed on Mr. Gibson's [Rt. 23] property I have definitely concluded that the driveway access from US Route 23 where it enters the ODOT right-of-way lies within the 60' wide strip to the south of Mr. Gibson's [Rt. 23] property. I can also definitely state that none of the access area from US Route 23 lies on Matt Gibson's 6.39 acre tract of land. Additionally, I can definitively state that Matt Gibson's property does not have an access point directly onto US Route 23.

**{¶42}** Stevenson testified that "where the driveway intersects the right-of-way of U.S. Rt. 23 is owned [not by Gibson, but] by BJM Company, Inc."

**{¶43}** The evidence shows that trucks are parked on Gibson's Rt. 23 property, including the one that was involved in the accident herein. The evidence further shows the trucks use the driveway to exit Gibson's Rt. 23 property onto U.S. Rt. 23. While the evidence does appear to show that as the trucks leave Gibson's Rt. 23 property and enter the driveway, they are still on Gibson's property. However, as the trucks get closer to U.S. Rt. 23, it appears that BJM's ownership of the driveway increases to the point that BJM owns the entire driveway at its access point with U.S. Rt. 23. Most notably, in viewing a picture of a semi-trailer truck positioned on the driveway about to enter U.S. Rt. 23, Stevenson opined that it "appears to be on the BJM Company, Inc. property."

**{¶44}** Therefore, we find that the trial court's determination that Gibson presented operative facts that could support that he has a meritorious defense (i.e., he did not own the property that allegedly effects trucks exiting the driveway onto U.S. Rt. 23) is not unreasonable, arbitrary, or unconscionable. We need not reach a definite conclusion as to whether Gibson's defense will succeed. Accordingly, the trial court did not abuse its discretion in finding that Gibson set forth a meritorious defense.

### 3. Excusable Neglect

#### a. Signature

{¶45} We begin our analysis of the excusable neglect elements by recalling that the trial court found that the estate perfected service of its complaint to Gibson at his Alkire-Road property based on the return receipt that contains the signature, "Matthew W. Gibson," and neither party disputes that conclusion.

{¶46} However, the estate disputes the trial court's finding that Skyler signed Gibson's signature in accepting the complaint. The estate asserts that it presented testimony from a handwriting expert who opined that it was Gibson who signed for the envelope, not Skyler. Therefore, the estate maintains that the trial court improperly determined that Skyler signed Gibson's signature in accepting the envelope.

{¶47} At the Civ.R. 60(B) hearing, Skyler testified that he was "[o]ne hundred percent" certain that he signed "Matthew W. Gibson" on the receipt for the envelope that contained the complaint when it was served in November 2019. Gibson corroborated Skyler's testimony, asserting that he did not recall seeing or signing for the complaint at that time.

{¶48} The estate offered the testimony of expert witness, Curtis Baggett, a forensic document examiner. Baggett testified that using his training and a magnifying glass, he can compare a known signature to an unknown signature, and opine whether the signatures were written by the same person. Baggett testified that he examined several documents that contained Gibson's known signatures, as well as several documents that contained Skyler's known signatures. He then examined the signature on the certified mail return receipt for the estate's summons and complaint and compared it to the signatures of

Skyler and Gibson.  Based on a reasonable degree of certainty and based on his

education, knowledge, experience, and training, Baggett opined that the

signature on the certified mail return receipt for the estate's summons and

complaint was not Skyler's, but Gibson's.

**{¶49}** "Credibility determinations must be left to the trial court's sound

discretion, and 'a trial court is free to believe all, part, or none of the testimony of

*any* witness who appears before it.' " (Emphasis added.) *Matter of Adoption of*

*F.L.S.*, 4th Dist. Hocking No. 19CA9, 2020-Ohio-936, ¶ 15, quoting *In re*

*Adoption of K.C.*, 3rd Dist. Logan No. 8-14-03, 2014-Ohio-3985, ¶ 26.

> [A]n "appellate court may not simply substitute its judgment
> for that of the trial court so long as there is some competent,
> credible evidence to support the lower court findings.' " *State ex*
> *rel. Celebrezze v. Environmental Enterprises, Inc.*, 53 Ohio St.3d
> 147, 154, 559 N.E.2d 1335 (1990). When an appellate court
> reviews a trial court's judgment, it must generally defer to the fact-
> finder's weight of the evidence and credibility
> determinations. *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio
> St.3d 77, 81, 461 N.E.2d 1273 (1984)."

*A.V. v. McNichols,* 2019-Ohio-2180, 137 N.E.3d 534, ¶ 15 (4th Dist.).

**{¶50}** The trial court found that the signature on the receipt for the

envelope containing the complaint was Skyler's, inferring that it believed the

testimony from Skyler and Gibson over Baggett's.  Because their testimony is

some evidence that supports that Skyler signed Gibson's name, it is not our role

to substitute our judgment for that of the trial court.  Therefore, we find that the

trial court's determination that Skyler signed Gibson's name on the receipt was

not an abuse of its discretion.

b.  Agency

{¶51} The estate argues that even if Skyler signed Gibson's name, Skyler was acting as Gibson's agent, so Skyler's neglect in failing to forward the complaint to Gibson and otherwise preserve the complaint was imputed to Gibson.

{¶52} An agency relationship arises by an express or implied agreement between the alleged principal and agent. *Hagley v. Lurty*, 4th Dist. Ross No. 91 CA1832, 1992 WL 208907, *5 (Aug. 7, 1992), citing 3 Ohio Jurisprudence 3d (1978) 32, Agency, Section 18. "[T]he doctrine of imputed notice to a * * * principal rests upon the ground that the * * * agent has knowledge of something, material to the particular transaction, which it is his duty to communicate to his principal." *Pitzer v. Littleton*, 4th Dist. Highland No. 8CA1, 2008-Ohio-5966, ¶ 16, citing *American Export & Inland Coal Corp. v. Matthew Addy Co.*, 112 Ohio St. 186, 197, 147 N.E. 89 (1925). "The general rule is that notice to an agent, which acted for his principal, of facts affecting the character of the transaction, is constructive notice to the principal." *Id.*, citing *American Export & Inland Coal Corp.* at 198.

{¶53} Gibson testified that both his personal, as well as business mail is delivered to his Alkire-Road property. He further testified that if the delivery requires a signature, both he and his sons sign for all such mailings. Skyler corroborated that he signs for mail deliveries made to the Alkire-Road property. And even if Skyler did not open the envelope, he understood that many, if not most, were business documents for Gibson.

**{¶54}** Therefore, we find that the trial court did not err in finding that Skyler's neglect in failing to forward the complaint to Gibson and ultimately losing it was imputed to Gibson. *Littleton*, 4th Dist. Highland No. 8CA1, 2008-Ohio-5966, ¶ 16.

### c. Excusable Neglect

**{¶55}** The trial court found that Skyler's neglect was excusable relying on the First District's decision in *Heard*, 1st Dist. Hamilton No. C-060265, 2007-Ohio-551, which stated that "excusable neglect occur[s] when service is properly made on a corporation, but a corporate employee fail[s] to forward the summons and complaint to the appropriate person." Applying *Heard* by way of analogy, the trial court found that Skyler's neglect was excusable under Civ.R. 60(B).

**{¶56}** The Fourth Appellate District does not ascribe to the general proposition that the neglect of inadvertently failing to forward a document to the appropriate person is excusable. *See Trembly,* 67 Ohio App.3d 664, 667, 588 N.E.2d 172 (4th Dist.) ("Insufficient or negligent internal procedures in an organization may not compromise excusable neglect[.]"). Therefore, we find that the trial court erred in relying on *Heard* for that proposition in determining Skyler's neglect was excusable.

**{¶57}** Gibson cites two cases in support of the trial court's judgment, *Williams v. Nored*, 2d Montgomery No. 20480, 2005-Ohio-605, and *Shkurka*, 8th Dist. Cuyahoga No. LEXIS 42418. Gibson claims that *Nored* is persuasive because "the court of appeals affirmed the trial court's finding of excusable

neglect largely because process was served on a father on a holiday when family members were at the father's house."

Gibson argues that *Shkurka* is persuasive because the court of appeals

> found no abuse of discretion when the trial court found Civ.R. 60(B)(1) excusable neglect as to a default which occurred when a member of the defendant's household accepted service of process and failed to inform [the defendant] of that, even though service was technically valid.   The appellate court would not impute to the defendant the negligent conduct of the family member.   The court found that since the defendant had no knowledge nor reason to know of the lawsuit prior to the entry of default judgment, he was entitled to relief under Civ.R. 60(B)(1)

{¶58} While Gibson and Skyler are members of the same family, when they are signing for mail deliveries at the Alkire-Road property most are for the businesses that operate from that address.  Certainly from time to time they may sign for Gibson's personal mail, but that does not change that Gibson and his sons for years have signed for mail delivered to that address, and understand that most of it is for the business and needs to be opened and addressed in a timely manner.  And unlike *Shkurka*, we found supra the evidence indicates that Skyler acted as Gibson's agent in accepting his mail, which means that Skyler's neglect in accepting the complaint was imputed to Gibson.  Therefore, we find that neither case is persuasive herein.

{¶59} Additionally, Skyler knew the envelope that contained the complaint was addressed to his father, irrespective of whether it was personal or business related.  And even if he did not open the envelope, merely glancing at the return address on the envelope, which was the clerk of courts, would have put him on notice that the envelope contained a legal document that needed to get to

Gibson immediately.  Instead, Skyler lost the envelope, which Gibson characterized as "carelessness."  And similar to *Trembly*, Gibson admitted that he had "sort of a system but evidently it's failed."  Finally, months after the service of the complaint, Roundtown served its answer by ordinary mail to Gibson at his Alkire- Road property, which could further have alerted Gibson to the lawsuit, although he testified that he never saw that document prior to June of 2020.  Under these facts, it is difficult to envision Skyler's neglect, which is imputed to Gibson, as being excusable under *Trembly*.

{¶60}  That said, courts "*must* consider *all* the facts and circumstances[,]" which includes the amount of the judgment.  (Emphasis added.)  *Colley*, 64 Ohio St.2d at 249.  It has been recognized that "[m]atters involving large sums [of money] should not be determined by default judgments[.]"  *Estate of Orth v. Inman,* 10th Dist. Franklin No. 99AP-504, 2002-Ohio-3728, ¶ 30.

{¶61} In *Guggenheim Realty, Inc. v. 3690 Corp.*, the Eighth District Court of Appeals reviewing the denial of a Civ.R. 60(B) motion stated, inter alia, "since the amount of the judgment is significant [$4,496.88], and since trial courts are encouraged to resolve cases on their merits when deciding Civ.R.60(B) motions, we hold that the failure of these three defendants to respond to the amended complaint within 14 days was excusable."  8th Dist. Cuyahoga No. 50416, 1986 WL 4401, at *2 (Apr. 10, 1986).  In *Wilson v. Lee*, the Second District Court of Appeals reviewing the denial of a Civ.R. 60(B) motion, found that "resolution of this claim in excess of $69,000 should be addressed on the merits."  172 Ohio

App. 3d 791, 876 N.E.2d 1312, ¶ 20 (2d Dist.).  And although it was in dissent,

we find Justice Wright's comments in *Rajan* enlightening:

> [t]he most disturbing aspect of this case is the size of the
> default judgment award—$115,000, plus costs. An award of this
> magnitude, which is literally handed to the plaintiff without a trial
> on the merits, only reinforces the philosophy that Civ.R. 60(B) is
> a remedial rule that should be liberally construed to encourage
> trials on their merits.

*Griffey v. Rajan*, 33 Ohio St.3d 75, 83, 514 N.E.2d 1122 (1987) (Wright,
J., dissenting).

{**¶62**} While all these cases are older, imputing their respective judgments

into a simple inflation calculator reveals the value their judgments today:

*Guggenheim* (1987: $4,496.88; 2022: $11,338.67), *Wilson* (2010: $69,000; 2022:

$92,777) and *Rajan* (1986: $115,000; 2022: $284,532.52).  Inflation Calculator,

http://www.calculator.net/inflation-calculator.  The amounts of all these

judgments, even at today's value, are *exponentially* less than $2.9 million dollar

judgment in this case, and yet both courts and a Justice of the Supreme Court

opined these judgments were large enough to constitute excusable neglect.

{**¶63**} The trial court's decision does not expressly rely on the amount of

the judgment as specific grounds for finding that Skyler's neglect was excusable.

However, on review of a trial court's decision addressing a Civ.R. 60(B) motion, a

court of appeals examines the "entire record."  *See Turner v. Turner*, 4th Dist.

Gallia No. 96CA4, 1996 WL 599387, *4 (Oct. 16, 1996); *First Nat'l Bank of

Dayton v. Kuntz*, 2d Dist. Montgomery No. CA8299, 1984 WL 5412, *3 (Jan. 5,

1984).  And a reviewing court can affirm that a trial court has acted within its

discretion in deciding a Civ.R. 60(B) motion even if on other grounds.  *See Quinn*

*v. Fry*, 5th Dist. Knox No. CA3, 2002-Ohio-3075, *2; *Campbell v. Goodall*, 6th Dist. Lucas No. L–15–1234, 2016-Ohio-736, ¶ 22.

{¶64} "A decision is unreasonable, and thus an abuse of discretion, if there is *no* sound reasoning process that would support that decision[.]" (Emphasis added). *Brown v. Burnett*, 2020-Ohio-297, 144 N.E.3d 475 (2d Dist.) ¶ 21, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Based solely on Skyler's failures, his neglect here could very well be inexcusable, but we find that based on the extremely large amount of the judgment against Gibson and that Skyler's actions were not intentional there is a "sound reasoning process" that would support the trial court's judgment. *Id.* As the Tenth District Court of Appeals has recognized "[m]atters involving large sums [of money] should not be determined by default judgments[.]" *Inman,* 10th Dist. Franklin No. 99AP–504, 2002-Ohio-3728, ¶ 30.

{¶65} Futhermore, the evidence does not appear to indicate that Skyler intentionally threw away the complaint, or otherwise intentionally failed to deliver it to Gibson, which would have been a "complete disregard for the judicial system," making his neglect inexcusable. See *Burton*, 4th Dist. Washington Nos. 12CA36, 12CA38, 2014-Ohio-335, at ¶ 40, citing *Glassman*, 76 Ohio St.3d at 20, 665 N.E.2d 1102 (1996).

{¶66} Finally, we note that the trial court's decision finding Gibson's neglect to be excusable is also consistent with two tenets of Civ.R. 60(B). The first is that "[w]here timely relief is sought from a default judgment and the

movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *GTE Automatic Elec., Inc.*, 47 Ohio St. 2d 146, 351 N.E.2d 113, paragraph three of the syllabus (1976). The second is that "Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to strike a balance between the conflicting principles of finality and justice." *Roe*, 4th Dist. Scioto No. 95CA2373, 1996 WL 49222, at *2 (Feb. 2, 1996).

{¶67} Therefore, we hold that the trial court's finding that Skyler's neglect was excusable is not an abuse of discretion because it is not unreasonable, arbitrary, or unconscionable. *Whited*, 4th Dist. Washington No. 19CA26, 2020-Ohio-5067, ¶ 8.

## ASSIGNMENT OF ERROR II

{¶68} In its second assignment of error, the estate argues that there was no legal obligation for the trial court to serve on Gibson, its entry of default, which also set the damages hearing. The estate cites Civ.R. 55(A), which in pertinent part states: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."

{¶69} Regardless of whether the law required it, the Clerk of Courts served the default entry on Gibson on May 28, 2021, which incidentally was requested by the estate's counsel. And shortly after receiving notice of the

default, Gibson acquired counsel, who promptly filed a Civ.R. 60(B) motion for relief on Gibson's behalf, which was granted by the trial court and we now affirm. Therefore, we find that the estate's second assignment of error is moot.

CONCLUSION

{¶70} Finding that the trial court did not abuse its discretion granting Gibson's Civ.R. 60(B) motion for relief from the default judgment, and the estate's second assignment of error is moot, we overrule both of the estate's assignments of error. Accordingly, we affirm the trial court's judgment that vacated its default judgment against Gibson in favor of the estate.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

P.J., Smith and Abele, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.-**